BURCHFIELD, Appellant, v. HAGEMAN, Respondent.

(151 N. W. 47.)

(File No. 3578.  Opinion filed February 20, 1915.)

1.  **Vendor and Purchaser—Forfeiture of Purchase Money—Time as Essence—Waiver.**

Where vendor waives the provisions of a contract for purchase and sale of land making time of payment of the essence thereof, his right to a forfeiture of part payment of purchase money was lost, at least until he gave the purchaser reasonable notice of intent to forfeit such payments, and time within which purchaser could make over-due payments.  Following Spear v. Phillips, 24 S. D. 257.

2.  **Vendor and Purchaser—Waiver of Right to Forfeit Purchase Money—Vendor's Remedy.**

One who, as vendor, waived his right to declare a forfeiture for breach of a contract for sale of land, making time of payment of essence thereof, may, on purchaser's default, treat the contract as terminated and sue to recover damages suffered.

3.  **Specific Performance—Vendor's Right to Enforce—Subsequent Sale After Suit Commenced.**

One who, as vendor, waived his right to declare a forfeiture for breach of a land sale contract making time of the essence thereof, could, on purchaser's default, maintain specific per-

formance, although he could not enforce it where, after commencing action thereon, he had conveyed the land to a third party.

**4.   Vendor and Purchaser—Vendor's Action for Forfeiture, After Subsequent Sale—Measure of Damages—Liability to Purchaser.**
   Vendor, in an action to forfeit part of purchase money paid, where it appeared, upon proof admitted without objection, upon which proof a finding was made to the effect that after action commenced he had conveyed the land to a third person, that he could not comply with the terms of the contract, thus making the transfer the same as though done before suit, was entitled only to deduct from the purchase money paid, the damages, if any, from purchaser's failure to carry out the contract, and was liable to purchaser for the balance.

Appeal from Circuit Court, Jerauld County.   Hon. FRANK B. SMITH, Judge.

Action by J. M. Burchfield against H. E. Hageman, to enforce forfeiture of part payment of purchase money upon a contract for sale of land, and for other relief; defendant counterclaiming. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals.   Affirmed.

*Edward E. Wagner,* and *Charles R. Hatch,* for Appellant.

*Jones & Mathews,* for Respondent.

(1) Under point one of the opinion, Appellant submitted that:   Both parties had waived the provision making time of essence of the contract, and either could offer to perform on his part and demand performance by the other.   It was error to find for defendant.

Respondent submitted that:   Where the right to forfeiture has been waived, if vendor desires to establish his right and claim forfeiture, he must give purchaser notice in substance that the vendor has elected to terminate such contract, unless such payments are made by a certain fixed date, far enough in the future to give purchaser reasonable time and opportunity to comply with the contract by making such payments, and that then after the failure of the purchaser to respond to such notice, the contract will terminate and the forfeiture take place.   Spear v. Phillips, (S. D.) 123 N. W. 722.

(3) Under point three of the opinion, Respondent cited: Van Abel v. Wemming, (S. D.) 146 N. W. 697.

(4) Under point four of the opinion, Respondent cited:

Civ. Code, Sec. 2299; Hogan v. Bechtel, (S. D.) 129 N. W. 914; Way v. Johnson, (S. D.) 58 N. W. 552.

WHITING, J.    Plaintiff and defendant entered into a contract, whereby plaintiff agreed to sell to defendant, and defendant agreed to purchase, two certain quarter sections of land in Jerauld county, S. D.   This contract was entered into in April, 1910, and it provided that a payment of $250 be made upon its execution, a payment of $1,750 on June 1, 1910, and the balance of the purchase price on March 1, 1911; that, upon such final payment, a warranty deed be given vendee by vendor, and vendor furnish an abstract showing good and merchantable title; that time of the payments was the essence of said contract; and that, in case of failure on the part of the vendee to make the payments at the time specified, the vendor might, at his option, declare the contract terminated and the payments made thereunder forfeited. The first payment was made at the time of the delivery of the contract.   The second payment was made and accepted June 17, 1910.   On March 1, 1911, the vendee was ready, able, and willing to close the deal in accordance with the terms of the contract, and the vendor tendered the deed and abstract to the premises.   The deal was not then closed because the vendee contended that the abstract did not show good and merchantable title.   The vendor, while not admitting the soundness of vendee's contention, proceeded to cure the claimed defects in such title.   The deal then ran on for some three months—each party professing a desire to close the same, and no attempt being made by either party to terminate the contract—until on June 21, 1911, the vendee wrote the vendor and demanded the return of the $2,000 upon the ground that the vendor had failed to comply with the terms of the contract.   Upon July 8, 1911, the vendor notified the vendee that, if he did not accept the title as it then appeared, he would proceed to enforce the contract; and on July 13, 1911, the vendee notified the vendor that his letter of June 21, 1911, was final.   Thus the matter stood when, on July 22, 1911, the vendor notified the vendee that he elected to and did declare a forfeiture of the payments made, and, upon the same day, brought this action, wherein he sought a judgment of the court giving him possession of the premises, decreeing that defendant had no right, title, or interest in said premises, and granting such other and

further relief as might be just and equitable. Defendant answering, and by way of counterclaim, alleged the payments he had made and his ability and readiness to meet the conditions of the contract, and the failure on the part of the plaintiff to tender an abstract showing good and merchantable title, and, among other things, he asked a judgment for the $2,000 paid, and that such judgment be made a lien upon the real estate in question. Upon the trial it was shown that, after this action was commenceed, plaintiff parted with all title to this land, having conveyed the same to a third party. The court made findings of fact and conclusions of law in favor of the defendant, upon which a judgment was entered for the amount paid upon such contract and interest thereon and decreeing that it be a lien upon the real estate and that such real estate be sold to satisfy same. From such judgment and an order denying a new trial, this appeal was taken.

[1] It is conceded by the appellant that the provision of such contract, whereby time was declared the essence thereof, was waived by both parties. That being true, it follows that the appellant had lost his right to a forfeiture of the moneys paid, at least until he had given a reasonable notice of intent to forfeit such payments. Speer v. Phillips, 24 S. D. 257, 123 N. W. 722.

[2, 3] Having waived his right to declare a forfeiture, there were two remedies left to the appellant, provided respondent was in default: First, to treat the contract as terminated and sue to recover damages, if he had suffered any; second, to enforce the contract. He sought neither of these remedies. Moreover, the evidence failed to show that he had suffered any damage, and did show that he had placed himself in a position where he could not enforce the contract—under the evidence offered and received, he was entitled to no judgment whatsoever.

[4] Was respondent entitled to recover on his counterclaim? If the abstract tendered showed a good and merchantable title, it is clear that respondent would not have been entitled to recover the money paid, but would have been bound to have carried out the terms of the contract, provided plaintiff had not put it out of his own power to carry out such contract; but, as hereinbefore noted, it was proven and the trial court found that, after bringing

this action, appellant had put himself in a position where he could not comply with the terms of the contract. If this had occurred prior to the commencement of the action and had been pleaded in the answer, there can be no question of respondent's right to the return of the money paid. The proof having been received without objection, and a finding made thereon, the case stands before us exactly as though this transfer of title had been made by the appellant prior to the commencement of the action, in which case the only right remaining in plaintiff would have been the right to deduct from the amount paid by respondent the amount of the damage, if any, which he had suffered through respondent's failure to carry out the contract. In principle this case is very similar to that of Van Abel v. Wemmering, 33 S. D. 544, 146 N. W. 697. It becomes unnecessary for us to consider any other questions raised upon this appeal.

The judgment and order appealed from are affirmed.