EPSTEIN v. ROSENFIELD.

VENDOR AND PURCHASER—LAND CONTRACTS—RESCISSION — ACTION FOR PURCHASE PRICE.

Where plaintiffs sold on contract to defendant certain real estate and received as the first payment two checks totaling $500, payment of which was refused by the bank because of lack of funds, whereupon defendant abandoned the contract and plaintiffs sold the land to another for $500 less than defendant had agreed to pay, they could not maintain an action for the value of the checks; their remedy, if any, being for breach of contract.

Error to Wayne; Webster (Clyde I.), J. Submitted January 17, 1923. (Docket No. 110.) Decided March 22, 1923.

Assumpsit in justice's court by Louis Epstein and another against Morris Rosenfield for the amount of two checks given as first payment on a land contract. There was judgment for plaintiffs, and defendant ap-

pealed to the circuit court.     Judgment for defendant
on a·directed verdict.     Plaintiffs bring error.  ˙ Affirmed.

*Joseph Sanders,* for appellants.

*William Henry Gallagher (Edward J. Fallon,* of
counsel), for appellee.

MCDONALD, J.  The parties entered into·a written
contract by which the plaintiffs agreed to sell to the
defendant certain real estate in the city of Detroit.
The defendant gave as the first payment two checks
for $200 and $300, respectively.  · When these checks
were presented for payment at the bank it was found
that the defendant had no funds there.   When appealed to, the defendant at first agreed to make the
checks good, but later declared that he did not want
the property and abandoned the contract.   The checks
were not paid.   Subsequently the plaintiffs sold the
property to another party for $500 less than the defendant agreed to pay for it.   The plaintiffs then
brought this suit to recover the amount of the two
checks.   The declaration is on the common counts in
assumpsit to which is attached a bill of particulars
which recites that the action is brought because of
defendant's failure to pay the checks in question.   The
defendant pleaded the general issue with notice that
the checks were obtained through fraud, misrepresentation and duress, and were without consideration.   At
the conclusion of plaintiffs' case the defendant offered
no proofs but made a motion for a directed verdict.
The motion was granted.   Assigning this as error the
plaintiffs have brought the case here for review.

This suit is for a part of the purchase price of the
property.   When the defendant abandoned the contract, plaintiffs could have maintained an action
against him for the entire purchase price.   If they

had taken that course it would have been necessary for them to retain title to the property so that they could perform on their part. If defendant is required to pay the purchase price he is entitled to a deed. Plaintiffs have sold the property to another and cannot give him a deed. By parting with all of their interest they have made performance on their part impossible, and therefore cannot insist on performance by the other party. They are not now entitled to the purchase price or any part of it. If they have any remedy it is in an action for damages for breach of contract. The circuit judge did not err in directing a verdict for the defendant.

The judgment is affirmed. Defendant will have his costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.