## PORTNER v. TANNER
### (No. 1060; July 17, 1923; 216 Pac. 1069)

VENDOR AND VENDEE—CONSIDERATION—SPECIFIC PERFORMANCE—DAM-
AGES—FORFEITURE—LIQUIDATED DAMAGES—BILLS AND NOTES—
PAYMENT.

1. Repudiation of an executory contract of sale by a vendee affords vendor an election of remedies by either consider-ing the contract in force, and suing for the breach or an enforcement thereof, or a disaffirmance of the contract and an action for damages sustained.

2. A vendor having rescinded or declared a forfeiture of an executory contract for the sale of land, cannot thereafter maintain an action to recover any of the unpaid ·pur-chase money stipulated for therein.

3. Checks given in pursuance of an executory contract of sale are merely an incident of the latter, and a suit by vendor to recover upon the checks, payment thereof hav-ing been countermanded by the maker, recognizes the contract in force and effect, and is a suit for part of the purchase money.

4. Checks given by vendee in pursuance of an executory con-tract of sale were not money, the consideration therefor being the execution of the contract by vendor and¨ not an understanding or waiver as claimed by plaintiff, to accept them in lieu of money.

5. An action by vendor to recover upon checks given by ven-dee for a part of the purchase price stipulated in an ex-ecutory contract of sale upon which vendee had stopped payment, cannot be maintained upon a theory of author-ized forfeiture and a retention of all prior payments by vendor.

6  Where vendee in an executory sale contract, made and·de-livered to vendor certain checks representing a portion of the purchase price upon which he afterwards stopped payment, vendor having forfeited the contract and resold the land to another, cannot recover upon the checks.

APPEAL from District Court, Natrona County; HON. C. O. BROWN, Judge.

Action by W. M. Portner against J. W. Tanner to recover upon certain checks made and delivered by defendant to plaintiff in pursuance of an executory contract· of sale upon

which payment had been countermanded by defendant and a forfeiture of the contract declared by plaintiff. There was judgment for defendant and plaintiff appeals.

*J. M. Hodgson* for appellant.

The action was for a recovery upon two checks drawn by respondent and delivered to appellant on June 21st, 1920, one for $725.00, the other for $775.00 as the first payment on a contract for the purchase of real estate, payment of which checks was countermanded by respondent; the drawer of a check who countermands payment thereby dispenses with presentment, notice of dishonor and protest, (3272, 3317 C. S. 1910; Bank v. Korn, 179 S. W. 721; Scanlon v. Wallach, 102 N. Y. S. 1090; Purchase v. Mattison, 13 N. Y. Super. Ct. 587; Brady Bank Cks. 113-120.) The delivery of the contract by plaintiff was sufficient consideration to support the check. (American Auto Co. v. Perkins, 77 Atl. 954; Hawkins v. Windthorst, 108 Pac. 805; Tradesmen's Nat. Bank v. Curtis, 60 N. E. 429; Philpot v. Gruninger, 14 Wallace, 570; Caren v. Leibonvitz, 99 N. Y. S. 952; Harris v. Johnson, 134 Pac. 1048; Doyle v. Dixon, 97 Mass. 208-213; Tilton v. Musgrave, 169 Ill. App. 243; Hamer v. Sidway, 27 N. E. 256, 124 N. Y. 538; Bolles v. Sachs, 33 N. W. 863; Pierce v. Stolhand, 124 N. W. 259; Marling y. Fitzgerald, 120 N. W. 388.) The promise of the defendant to pay the checks was an independent contract. (Emerson v. Slater, 22 How. 43, 16 L. ed. 365; Violett v. Patton, 5 Cranch, 150, 3 L. ed. 61; Townsley v. Sumrall, 2 Peters, 182, 7 L. ed. 386.) The delivery and acceptance of the checks was the first payment, and plaintiff's right to recover upon them is the same as he would have to retain the installment had it been paid in cash. (Lawrence v. Miller, 86 N. Y. 132; Havens v. Patterson, 43 N. Y. 218; Hillyard v. Banchor, 118 Pac. 67; Long v. Clark, 135 Pac. 673; Bartlesville Oil Co. v. Hill, 121 Pac. 208; Sanders v. Brock, 79 Atl. 772; Jones v. Mississippi Farms C., 76 So. 880; Glock v. Howard & Wilson Co., 55 Pac. 713; Downey v. Riggs, 70 N. W. 1091; Grimes v. Goud, 10 Atl. 116.) Reme-

dies for a breach are as binding as a stipulation for performance in a contract. (Cresswell Co. v. Martindale, 63 Fed. 84; 11 C. C. A. 33.) The checks sued upon, represented plaintiff's liquidated damages for breach of contract. (Roehm v. Horst, 178 U. S. 1, 44 L. ed. 956; Anvil Mining Co. v. Humble, 153 U. S. 540; Lowe v. Harwood, 29 N. E. 538; Weill v. American Metal Co., 54 N. E. 1050; Paine v. Brown, 37 N. Y. 228; Ballou v. Billings, 136 Mass. 307; King v. Faist, 37 N. E. 459; Busch v. Stromberg-Carlson Co., 217 Fed. 328, S. C. 133 C. C. A. 244; Kokomo Co. v. Inman, 134 N. Y. 92; Frost v. Knight, L. R. 7 Ex. 111; National Co. v. Vulcanite Co., 78 N. E. 414; Remy v. Olds, 26 Pac. 355; J. K. Armsby Co. v. Grays Harbor Co., 123 Pac. 32; Windmuller v. Pope, 14 N. E. 436; Central Trust Co. v. Chicago Assoc., 240 U. S. 581; Collins v. Snow, 106 N. E. 148.) Full payment was a condition precedent to respondent's right to receive an abstract and deed under the terms of the contract. (Loud v. Pomona Land Co., 153 U. S. 564, 38 L. ed. 823; Eastern Oregon Land Co. v. Moody, 198 Fed. 7; Paine v. Brown, 37 N. Y. 228; Bartlesville Oil Co. v. Hill, 121 Pac. 208; Grays v. Meek, 64 N. E. 1020; (Ill.); Sheeren v. Moses, 84 Ill. 448; Morris v. Sliter, 1 Denio, 59; Harrington v. Higgins, 17 Wendell, 376; Meriden Co. v. Zingsen, 48 N. Y. 247; Shenners v. Pritchard, 80 N. W. 458; So. Pac. R. Co. v. Allen, 44 Pac. 796; Donovan v. Judson, 22 Pac. 682; Voight v. Fidelity Inv. Co., 96 Pac. 162; Reise v. Westfield, 105 Pac. 837; Reard v. Ephrata Co., 138 Pac. 678; Garvey v. Barkley, 104 Pac. 1108; Sleeper v. Bragdon, 88 Pac. 1036; Underwood v. Tew, 34 Pac. 1101; Brenard Mfg. Co. v. Kingston Co., 95 S. E. 1028; Miller v. Wildcat Road Co., 52 Ind. 51; Gale v. Best, 20 Wisconsin, 44; Bean v. Atwater, 4 Conn. 3, 10 Am. Dec. 91; Bowen v. Bailey, 42 Miss. 405, 2 Am. Rep. 601; Biddle v. Coryell (N. J.) 38 Am. Dec. 521; White v. Beard, (Ala.) 30 Am. Dec. 552; Allen v. Sanders, 7 B. Mon. 593; First Nat. Bank of Sparta v. Agnew, 45 Wis. 131; Snyder v. Murdock, 51 Mo. 175; Brame, et al. v. Swain, 15 S. E.

938; Leopold v. Furber, 1 S. W. 404; Tufts v. D'Arcambal, (Mich.) 12 L. R. A. 446.) Courts will not relieve against liquidated damages agreed upon in contracts. (Sun Print & Sub. Ass'n. v. Moore, 183 U. S. 642, 46 L. ed. 366; Clyde Bank & E. S. Co. v. Castaneda, (1905) A. C. 6; Stewart v. Griffith, 217 U. S. 323, 54 L. ed. 782; Western Union Co. v. Brown, 253 U. S. 101, 64 L. ed. 804; Mead v. Wheeler, 13 N. H. 351; Gammon v. Howe, 14 Maine, 250; Maxwell v. Allen, 78 Maine 32.) In an action by vendor for an installment of purchase money due prior to the date agreed upon for delivery of deed, want of title in vendor is not a defense. (Webb, v. Stephenson, 39 Pac. 952; Garberino v. Roberts, 41 Pac. 857; Joyce v. Shafer, 32 Pac. 320; Harrington v. Higgins, 17 Wendell, 376; Shively v. Water Co., 33 Pac. 848; Brimmer v. Salisbury, 140 Pac. 30; Parkside Realty Co. v. McDonald, 137 Pac. 21; Johnson v. Johnson, 44 N. W. 668; Ziehen v. Smith, 42 N. E. 1080, 148 N. Y. 558; Higgins v. Eagleton, 50 N. E. 287, 155 N. Y. 466; Carpenter v. Holcomb, 105 Mass. 280; Sleeper v. Nicholson, 87 N. E. 473; Baird Inv. Co. v. Harris, 209 Fed. 291; Kentucky Warehouse Co. v. Blanton, 149 Fed. 31.) Oral testimony was inadmissible to vary the terms of the written contract as to the consideration for the giving of the checks, (Stickney v. Hughes, (Wyo.) 75 Pac. 945; Demple v. Carroll, (Wyo.) 133 Pac. 137; Phillips Co. v. Seymour, 91 U. S. 646.) Plaintiff not being in default in any respect, defendant's action in countermanding payment of the checks and his repudiation of the contract cannot relieve him from liability. The judgment should be reversed.

*George W. Ferguson* and *Henry E. Perkins* for respondent.

The acceptor of a draft or bill of exchange cannot maintain an action for its recovery until he has paid it. (8 Cyc. 22.). The appellate court will not review judgments rendered on conflicting evidence. (Boatman v. Miles, 199 Pac. 933; Slothower v. Hunter, 15 Wyo. 189; City v. Murphy, 19 Wyo. 238; Riordan v. Horton, 16 Wyo. 363; Kimball Co.

v. Payne, 9 Wyo. 441.) Tender of a deed of conveyance by vendor must be shown before action for recovery of purchase money on land sale contract can be maintained. (27 R. C. L. 626; Evans v. Jacobitz, 72 Pac. 849; Naftzger v. Gregg,. 33 Pac. 757; Collins v. Creason, 106 Pac. 445; Glock v. Howard, 55 Pac. 719.) If vendor rescinds contract, after default by vendee he must return to the vendee money paid on the contract. (Christy v. Arnold, 36 Pac. 920; Glassell v. Coleman, 29 Pac. 508; Drew v. Pedlar, 25 Pac. 749; Hurley v. Anicker, 151 Pac. 593; Glock v. Howard, 55 Pac. 717; Johnson v. McMullen, 3 Wyo. 237; Phelps v. Brown, 30 Pac. 774; L. R. A. 1916 C. 893.) A violation of contract by one party relieves the other party, (6 R. C. L. 377; 3 Elliott contracts 2045; Frenzer v. Dufrenne, 78 N. W. 719; Armsby Co. v. Harbor Co., 123 Pac. 32.) There was no consideration for the checks and plaintiff did not tender performance by offering possession; this is not an action for damages, but is suit to recover on checks. There is no evidence of damage. This is not an action to recover an installment of purchase money. On appeal the evidence of the successful party must be accepted as true. (Boatman v. Miles, supra.) Contract being rescinded, the plaintiff is not entitled to relief and the judgment below should be affirmed.

BLUME, Justice.

This is an action brought by appellant (plaintiff below) against respondent (defendant below) on two checks given by defendant to plaintiff, both dated June 21, 1920, one for $725.00 and one for $775.00. The defense made is failure of consideration. The checks were given as initial payment on a contract for sale entered into between the parties wherein plaintiff contracted to sell to defendant the north 28 feet of lot 4, Block 91 in the City of Casper for the sum of $4500, of which $1500 was to be paid down as initial payment, the balance to be paid in monthly installments of $50.00 each on the first of each month. A deed and abstract of title showing good title were to be delivered upon the de-

fendant having performed his covenants. And it was agreed that should the defendant fail to perform his part of the contract, the plaintiff should have the option to forfeit the contract, in which event all payments made should be retained by plaintiff as liquidated damages, and the plaintiff should have the right to re-enter and take possession of the premises. The evidence shows that within a few days after June 21, 1920, the defendant, dispute having arisen as to delivery of possession and because no abstract had been delivered for examination, countermanded the payment of the checks, repudiated the contract and failed to make any of the monthly payments. This action was instituted on September 7, 1920. On November 3, 1920, and before the trial of this action, plaintiff sold the property to one McCabe and delivered a deed to him. The court below entered judgment for the defendant, from which the plaintiff appeals. It is contended that the judgment is contrary to law and the evidence.

The plaintiff covenanted to furnish an abstract of title after the defendant had made the agreed payments. It would, therefore, seem that the failure to furnish an abstract of title before that time was no ground for defendant's repudiation of the contract. Nothing definite was said in the contract as to possession. The defendant contended that it was orally agreed that he should have possession within a few days, and not later than June 5th, 1920, while it was the plaintiff's contention that possession was to be given on June 11th, 1920. It may be doubtful that the short interval of a few days warranted the defendant in repudiating the contract. We need not, however, decide these points in dispute, but rest our decision upon another ground.

When the defendant repudiated the agreement made, several courses were open to the plaintiff to pursue, not all of which are necessary to be considered. He might, perhaps, have brought an action for the purchase money, or that portion of it then due. 39 Cyc. 1900. The cases are not

uniform on this subject, some apparently holding that no action at law other than for damages lies in such case. Dickson v. Turner, 149 Ill. App. 394; Goodwine v. Kelley, 33 Ind. App. 57, 70 N. E. 832; Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 A. S. R. 438; Prichard v. Mulhall, 127 Ia. 545, 103 N. W. 774, 4 Ann. Cas. 789. We need not decide the point. Again, the plaintiff could have treated the contract terminated and sued for the damages actually by him sustained. 13 C. J. 651; Burchfield v. Hageman, 35 S. D. 147, 151 N. W. 47; Goodnitz v. McMahon, 64 Pa. Super. Ct. 479; Seltzer v. Greene (R. I.) 117 Atl. 532; Ridgway v. Development Co., 105 Nebr. 288, 180 N. W. 587. It was, in any event, open to the plaintiff on the one hand to consider the contract as still in force, sue for the breach in its terms, or the enforcement thereof, or, on the other hand, to disaffirm the contract, consider it no longer in existence, and sue for the total abandonment or repudiation or breach of it by the defendant, and recover whatever damages he might have sustained. But, under the doctrine of election of remedies, plaintiff could not take both of these courses. He could not consider the contract as still in force, and at the same time as not in force. He could not affirm it and disaffirm it at the same time, and having once definitely and irrevocably taken one course, that would be binding, and he could not thereafter also pursue a remedy inconsistent therewith. Barquin v. Hall Oil Co., 28 Wyo. 164, 201 Pac. 352, 202 Pac. 1107, and authorities cited. Hence it appears to be the uniform holding of courts that where a vendor rescinds or forfeits a contract he cannot maintain an action to recover any of the unpaid purchase money. Barquin v. Hall Oil Co., supra; 39 Cyc. 1924; Buck v. Duvall, 11 Ga. App. 853, 76 S. E. 1053, 75 S. E. 820; Benefit Ass'n. v. Roma, 17 Pa. Dist. 194; Waite v. Stanley, 88 Vt. 407, 92 Atl. 633; L. R. A. 1916 C. 886; Early v. France, 42 N. D. 52, 172 N. W. 73; Stimson v. Sneed (Tex. Civ. App.) 163 S. W. 989; Dopp v. Richards, 43 Ut. 332, 135 Pac. 98; Harsh v. Neil, 52 Utah, 533, 175 Pac. 606;

Warren v. Ward, 91 Minn. 254; 97 N. W. 886; Kuntz v. Whitney, 167 Wis. 446, 167 N. W. 747; Rose v. Rundell, 86 Wash. 492, 150 Pac. 614.

Counsel for appellant in fact recognizes this rule of election of remedies, but contends that this is an action, not for purchase money, but one for damages. In this, counsel is clearly wrong. There is not the slightest intimation in the pleadings or proof that the appellant has been damaged. By ''damage'' in such case is meant the loss of profits, and the measure thereof, ordinarily, is the difference between the contract price and the actual or market value of the property at the time of the breach of the contract. 39 Cyc. 1991, 1992; Dopp v. Richards, supra; Sutherland on Damages, 4th Ed., § 570. The case at bar is a suit upon checks which were given as the first payment under the contract. The checks represent part of the unpaid purchase money. A suit thereon, therefor, arises out of or is an incident to one of the covenants of the contract, and necessarily recognizes the contract as still in force and effect. It has frequently been held that a note given in pursuance of a contract is merely an incident of the latter, and a suit thereon recognizes the contract in force and effect and is a suit for part of the purchase money. Wotring v. Shoemaker, 102 Pa. St. 496; Steiner & Sons v. Baker, 111 Ala. 374; 19 So. 976; Early v. France, supra; Kuntz v. Whitney, supra; Glassel v. Coleman, 94 Cal. 260, 29 Pac. 508; Mays v. Sanders, (Tex. Civ. App.) 36 S. W. 108. The giving of checks in the case at bar was similar to the giving of a note. The checks were not money; they were orders to pay money. And when the payment thereof was countermanded, they were at most but an evidence of indebtedness similar to a note—an evidence of indebtedness growing directly out of the contract, and the only consideration for them was the execution of the contract, not the understanding, or waiver, as is claimed, to accept them in lieu of money. Counsel for appellant call attention to the fact that the contract in this case provides that all payments made shall be forfeited to

plaintiff as liquidated damages in case the defendant fails to perform any of his covenants; that the checks, having been given in lieu of money, should be treated as such, and as constituting payments made within the meaning of the contract. And, it is claimed that in view of the foregoing, this action is rather an action to recover the liquidated damages provided for in the contract. Still, the enforcement thereof would be pursuant to the forfeiture clause of the contract. Forfeitures are not favored, and the provision in the contract that the payments made should be forfeited, cannot be construed to include the provision that when payment is not actually made, as in this case, the court should lend its aid in enforcing it. When, accordingly, the contract with defendant was forfeited, which subject will be discussed more fully hereafter, the checks given herein became null and void and no recovery can be had thereon. The recent case of Epstein v. Rosenfield, 222 Mich. 358, 192 N. W. 717 is directly in point. The only difference, not at all material, is that in that case the checks were not good; here they were countermanded. The court said:

"This suit is for a part of the purchase price of the property. When the defendant abandoned the contract, plaintiffs could have maintained an action against him for the entire purchase price. If they had taken that course, it would have been necessary for them to retain title to the property so that they could perform on their part. If defendant is required to pay the purchase price, he is entitled to a deed. Plaintiffs have sold the property to another and cannot give him a deed. By parting with all of their interest, they have made performance on their part impossible, and therefore cannot insist on performance by the other party. They are not now entitled to the purchase price or any part of it. If they have any remedy, it is in an action for damages for breach of contract."

The cases of Hawkins v. Windhorst, 82 Kan. 522, 108 Pac. 805; Raubitcheck v. Blank, 80 N. Y. 478, Thompson v. Kel-

heffer (N. J. Sup.) 119 Atl. 770, and other cases cited, where suits on checks were upheld are not in point for the reason that in those cases the contracts had not been forfeited, and the suits were but pursuant to the rule maintained in most of the states, that in the absence of such forfeiture a suit for the purchase money may be maintained.

Counsel for appellant contends, however, that the plaintiff has not rescinded the contract; that the defendant was in .default, not alone in the payment of the checks but also in the payment of three installments off $50.00 each, due July 1st, August 1st, and September 1st, and that in selling the land in November 1920, plaintiff but acted pursuant to the contract and did what he was specifically authorized thereunder to do, namely, forfeit the contract, or sell the land, for default in each of these payments. We need not enter into any discussion as to the exact meaning of the term rescission. If by the sale of the property, as shown by the testimony, the plaintiff put performance on his part out of his power, he thereby ended the contract. It is claimed that want of title in the vendor is no defense in an action by the vendor for an installment of purchase money coming due prior to the time limited for the delivery of the deed, and that, hence, the sale made by plaintiff to McCabe is not material here. We are cited to Brimmer v. Salisbury, 167 Cal. 522, 140 Pac. 30; Baird Investment Co. v. Harris, 209 Fed. 291, 126 C. C. A. 217 and other cases. The claim is too broad and is not borne out by the cases cited, except, possibly, Harrington v. Higgins, 17 Wendell (N. Y.) 376, in which a vigorous dissenting opinion was filed. In some authorities the rule is broadly announced that a sale by vendor to another constitutes an abandonment of the contract. Black on Rescission, § 581; Eppstein v. Rosenfield, supra; Fowler v. Johnson, 19 Ind. 207; Christy v. Arnold, 4 Ariz. 263, 36 Pac. 918. While that, perhaps, may be generally true, still in some cases where, for instance, the first purchaser is fully protected, such second sale might not show abandonment. 39 Cyc. 2014; Brimmer v. Salis-

bury, supra. But if, in the case at bar, plaintiff made an absolute sale to McCabe, thereby putting it out of his power to perform, either personally or through McCabe, then clearly the contract with defendant was abandoned or forfeited by him. 39 Cyc. 2013. The plaintiff himself was the only witness giving testimony on this subject. He testified that he sold the property to McCabe and gave him a deed. Further testimony was as follows:

"Q. You are just suing on these checks; that's all you are claiming? A. Yes, sir; forfeiture of the contract. Q. How? A. Forfeiture of the contract. Q. Just for the forfeiture? A. Yes, sir."

In view of this testimony, and the further fact that plaintiff made no explanation whatever showing that the sale to McCabe might have been conditional and qualified, we think that the lower court was justified in finding, as it must have found, that the sale to McCabe was absolute and unconditional and constituted an abandonment or forfeiture of the contract with the defendant.

Plaintiff no doubt had a perfect right to do what he did, but what was the effect of that action? Counsel for appellant seems to think that it had none on the liabilities of defendant previously accruing under the contract. According to his theory, apparently, plaintiff might have forfeited, put an end to the contract for the default occurring on September 1st, and might have recovered all unpaid installments falling due previously. But counsel mistake the effect of the forfeiture. The contract, when ended, was ended for all purposes, except only that damages, in the measure indicated, could still be recovered for the total breach thereof. All actions upon any of its covenants or incidents thereof which, as in the case at bar, necessarily presuppose the continued existence of the contract, became defunct. And when on November 3, 1920, plaintiff put an end to the contract, he abandoned all rights to recover any money due thereunder which had not actually been paid,

unless, possibly—a point we do not decide—reduced to judgment. It has even been held that upon such termination of a contract, an uncollected judgment should be cancelled. Warren v. Ward, 91 Minn. 254; 97 N. W. 886; Cameron v. Bradbury, 9 Grant Ch. (U. C.) 67. In Glasswell v. Coleman, supra, the court, holding a suit upon a note given under a contract of sale not maintainable after forfeiture, said:

"Upon the election by the plaintiff to rescind the contract by claiming a forfeiture by Wilson of all his rights under the contract, the contract itself, and each of its provisions or terms, ceased to be a subsisting or enforceable obligation against Wilson. The only right of action against him then remaining to the plaintiff was for damages for his breach of the contract. The plaintiff could not have a right of action on the contract and at the same time one for its breach. An action for damages for the breach of a contract necessarily implies that the contract has been terminated."

The case of Rose v. Rundel, 86 Wash. 422, 150 Pac. 614, is almost exactly in point. There the vendor commenced an action to recover an installment due under a contract. Thereafter he declared the contract forfeited for the nonpayment of an installment falling due subsequently, and brought an action to enforce this forfeiture, pursuing the action for such termination to conclusion before the trial of the action for the installment due. The court, holding the latter action abandoned, said:

"But clearly, whenever the vendor elects to declare the contract forfeited by the vendee, and does so,   *   *   * all other undetermined and co-existing rights cease and are determined. If the contract is abrogated, it is not 'in a sense deadened' to use appellant's words, but is absolutely dead. It is *functus officio*. If it is so as to one party, it is so as to the other. It cannot thereafter be revived and made a live contract by one party alone. The vendor alone can-

not breathe the breath of life into it.   All unpaid balances, not liquidated in judgment, are waived from the instant that the contract is declared extinct.   The appellant elected and chose to formally and solemnly disaffirm and declare forfeited the unexecuted provisions for the benefit of the respondent by bringing, prosecuting and pursuing to judgment his cause No. 98871 for the judicial termination thereof.   That constituted an abandonment of the action then pending for the recovery of any unpaid purchase money under the contract.   By that election he must abide.''

A very similar case is Waite v. Stanley, supra, and the same conclusion was reached.

As stated before, the suit in the case at bar is for the recovery of part of the purchase money of the lot.   A suit of that kind partakes, in effect, of the nature of an action for specific performance of the contract of purchase; and should, therefore, be governed by the same equitable principles.   Black v. American International Corporation, 264 Pa. 260, 107 Atl. 737 and cases cited; Hoover v. Pontz, 271 Pa. 285, 114 Atl. 522.   And though it may be true that at times the doctrine of election of remedies may be harsh and should not be unduly extended (Friederichsen v. Renard, 247 U. S. 207, 62 Law. Ed. 1075, 38 S. Ct. 450) no injustice from its application would result in the case at bar.   No injury to plaintiff has been shown.   It may be, for aught that appears in the record, that he ultimately sold the land for more than defendant agreed to give him.   At the time of the trial it appeared that plaintiff had put it out of his power to perform the contract, and hence it would be inconsistent with equity to allow him to recover the amount of the checks sued on.

It follows that the judgment of the court below should be affirmed and it is so ordered.

*Affirmed.*

Potter, Ch. J., and Kimball, J., concur.

NOTE—See under (1-6) Vendor and Purchaser 39 Cyc. 1381, 1394, 1399, 1900, 1924 and 1981; (1) Contracts 13 C. J. 725.