## William L. O'Day, Appellee, v. O. B. Nugent, Appellant.

### Gen. No. 30,167.

1. NEGOTIABLE INSTRUMENTS—*conveyance to trustee of property contracted to be sold to maker of purchase money note as effecting failure of consideration.* There was no failure of consideration for a note given as part of the purchase price of real property bought on contract in consequence of a conveyance of the property to a third person in trust for the benefit of the vendor and other parties who had an interest therein, where the trustee was ready and willing to execute a deed to the property upon payment of the note to the assignee of the payee thereof.

2. NEGOTIABLE INSTRUMENTS—*right of action by assignee on note for purchase price of real property where title conveyed to third person as trustee for vendor and other parties in interest.* The right of action of an assignee on a note for the purchase price of real property is based upon the note, and is not affected by the fact that the vendor has conveyed the title to the property to a third person, where by the terms of such conveyance the maker will become entitled to a deed to the property on payment of the note.

3. NEGOTIABLE INSTRUMENTS—*measure of damages on assigned note for price of real property purchased on contract.* In an action by the assignee on a note for the purchase price of real property bought on contract the measure of the plaintiff's recovery is the face of the note, notwithstanding the fact that the vendor of the property has conveyed title thereto to a third person in trust for the vendor and other parties in interest.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1925. Affirmed. Opinion filed November 23, 1925. Rehearing denied December 7, 1925. *Certiorari* denied by Supreme Court (making opinion final).

CHARLES A. WILLIAMS and HARRY S. DITCHBURNE, for appellant.

GEORGE L. TURNBULL, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a judgment for $1,300 had by the plaintiff in a suit upon a promissory note. The note was executed by defendant in Minot, North Dakota, dated July 3, 1917, to the order of the Western Bankers Investment Company and indorsed by the payee to the plaintiff.

It was asserted that plaintiff was not a bona fide holder in due course. He obtained the note for a good and sufficient consideration sometime in the middle of 1921. The cause was tried on the theory that it was subject to such defenses as might have been made against the original payee.

The evidence shows that at the same time defendant executed the note there was executed a contract between the Western Bankers Investment Company and the defendant, in which the company agreed to convey to Nugent two lots in North Dakota upon the payment of a balance of the purchase price represented by two notes, one for $30 and the other for $900, the latter payable in instalments of $120 or more every six months until the total was paid. This latter note is the one in question.

Defendant testified to an agreement with the plaintiff made in Minot, North Dakota, to cancel the note and contract and also to other transactions with O'Day, but upon being confronted by O'Day, who testified that he had never been in Minot, North Dakota, and had never seen the defendant before the morning of the trial, defendant admitted that he was mistaken as to any agreements with the plaintiff.

The main defense is based upon the effect of a conveyance of the property in question by the Investment Company to C. A. Beers of Rock Island, Illinois. Mr. Beers is the president of the First Trust & Savings Bank of Rock Island, and the Investment Company being indebted to the Rock Island bank executed and delivered to Beers a warranty deed conveying a considerable number of lots in North Dakota, said Beers to hold title and out of the proceeds of the sale

of the premises to apply as much as was necessary to pay the indebtedness of the Investment Company to the First Trust & Savings Bank. Beers was informed that the two lots in question were under contract to Nugent, and that the contract had been assigned to O'Day, and Beers agreed that out of the proceeds derived from the sale he was to pay O'Day the amount due him and apply the balance on the indebtedness of the Investment Company to the Rock Island bank. It was proven that Beers was ready and willing to execute a good and sufficient warranty deed of the two lots to Nugent upon the payment of the amount due on the note held by O'Day, and a deed to this effect was tendered in open court to the defendant. There is no question as to the sufficiency of the deed or the tender.

It is argued that the Investment Company, having parted with title to the lots, destroyed the consideration for the note, and it is no longer enforceable, citing *Epstein v. Rosenfield,* 222 Mich. 358. In that case, which was a suit for part of the purchase price, plaintiffs had sold the property to another and could not give a deed, and it was held that, having parted with all of their interest, performance under the contract was impossible. That is not this case. Beers simply held the naked title as trustee for the benefit of the Investment Company and other parties who had an interest in the real estate. The interest of defendant, Nugent, under his contract was specifically provided for, and his acceptance of the tendered deed with payment of the note would have completely fulfilled the contract. Having refused to accept a conveyance of the lots, he cannot defend on the ground that performance of the contract is impossible.

Defendant asserts that plaintiff was limited to two remedies—either an action at law to recover damages for breach of the contract, or a suit in equity for specific performance—citing *Dickson v. Turner,* 149 Ill. App. 394. That was a suit to recover the full

amount of the purchase price named in the contract as damages for its breach. It was not a suit on a note, and it was held that plaintiff could not recover such damages under the counts there filed.

We have not been favored by any citations in point. Counsel for plaintiff claims to have searched but failed to find any precedents. It is a long-established rule that, where a debt evidenced by a note is secured by a mortgage or a trust deed, the debt is the principal thing and the mortgage merely incidental. *Union Mut. Life Ins. Co. v. White,* 106 Ill. 67. A suit in assumpsit can be maintained on the note itself without regard to the mortgage. By analogy, this suit on the note can also be maintained, and no convincing reason is presented to the contrary. Essentially the contract is security for the payment of the note, and that the note and contract are part of the same transaction furnishes no bar to an action on the note alone.

It is not convincing to argue that no judgment should run against defendant on the ground that he will be obligated for this and yet not have the lots. Upon the payment of the note at any time he could have had a deed, and if he should pay the note or judgment could demand a deed and maintain an action for specific performance if it should be denied. He cannot plead in defense an embarrassing situation for himself, which he has created by his own breach.

In this view of the case it was not necessary to introduce evidence as to the measure of damages. The suit is not for damages for the breach of a contract, but is upon the promise of the defendant to pay, contained in the note made by him. Under such circumstances plaintiff is entitled to recover the amount which appeared to be due on the face of the note.

The judgment of the municipal court is right and is affirmed.

*Affirmed.*

MATCHETT, P. J., and JOHNSTON, J., concur.