THE MODEL PLAN FINANCE CORPORATION, A NEW JER-
SEY CORPORATION, PLAINTIFF-APPELLANT, v. JOHN
DEMPSEY, DEFENDANT-APPELLEE.

Submitted May 13, 1927—Decided October 4, 1927.

**Contracts—Check Given in Part Payment for Land—Payment
Stopped on Check and Vendors Then Sold Land to Another
—Check Long After Sale was Assigned to Plaintiff, who Now
Brings Suit—Held, Mutual Rescission of Contract—If There
Had Been a Consideration for the Check it Had Failed Long
Before Plaintiff Acquired the Check by Assignment**

On plaintiff's appeal from the District Court.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff-appellant, *Corn & Silverman.*

For the defendant-appellee, *Benjamin S. Appel.*

PER CURIAM.

The state of the case as made up by the trial judge is very
short, and reads as follows:

"The case was tried before me, without a jury, on Decem-
ber 17th, 1926. The plaintiff sues as assignee of the State
Land Company to recover on a check made by defendant,
dated October 3d, 1925, drawn on the Springfield Avenue
Trust Company to the order of the State Land Company, by
John Dempsey for $300. The check was assigned long after
maturity to the plaintiff. The defendant gave the check to
the State Land Company as a deposit upon a contract for
the purchase by him from the State Land Company of cer-
tain real estate. Within a day or two after making the contract
and giving the check, the defendant stopped payment on the
check at the bank. The said land company thereupon sold
the land which it had agreed to convey to the defendant to
another person for a greater price than it had agreed to con-
vey the land for to the defendant.

"Suit upon the check was not begun until more than a year after the check was given. The plaintiff is not a holder for value of the check, but is mere assignee.

"In my opinion the acts of the parties to the contract for the sale of real estate constituted a mutual rescission of the contract.

"Judgment was given for the defendant."

The argument for appellant proceeds upon the lines that the facts did not support a finding of mutual rescission, and that even conceding that they did support such finding, the defense of rescission was not specified in response to a demand, and hence was not tenable at the trial.

Conceding these matters for the sake of argument, we, nevertheless, think that the judgment was right. The fourth specification of defense was that there was no consideration for the check. This is broad enough to cover the defense that if there had been a consideration for the check it had failed long before plaintiff acquired such check by assignment; and that seems to have been the situation. Defendant repudiated the check and plaintiff's assignor resold the property. If the vendor had held the property available, the situation would have been similar to that in *Steinbach* v. *Pettingill*, 67 *N. J. L.* 36. In that case, it is true, the deposit was made in money; but if it had been a check, vendor would have been entitled to recover on it; such is the clear implication in *Thompson* v. *Kilheffer*, 99 *Id.* 439.

The vendor, however, resold, and, so far as appears, without making any tender of a deed or demand on defendant to complete his purchase. The resale seems to have been made promptly, as the word used is "thereupon," *i. e.*, upon the stoppage of payment. As the resale was for a larger sum, it is fair to infer that a second purchase was already in sight. Be this as it may, the court, having the evidence before it, found as a fact that there had been a mutual rescission, or, to put it in another way, that the vendor had abandoned the contract as well as the defendant, and in that posture of affairs the consideration for the check failed, and the fourth specification becomes available.

Whether in the absence of such a finding the vendor would be entitled to recover on the check is a matter on which the authorities are apparently not in accord, and which it is unnecessary to decide. See 27 *R. C. L.* 612, § 366; 624, § 378; *Pierce* v. *Staub* (*Conn.*), 62 *Atl. Rep.* 760; *Sanders* v. *Brock* (*Pa.*), 79 *Id.* 772; *Portner* v. *Tanner,* 216 *Pac. Rep.* 1069; 30 *A. L. R.* 624. But on the express finding of a mutual rescission, to which failure of the consideration is a corollary, we conclude to affirm the judgment.