[Civil No. 3260. Filed March 21, 1933.]

[19 Pac. (2d) 1062.]

W. A. EVANS and SOPHIA EVANS, Appellants, v. COLORADO SAVINGS BANK, a Corporation, Appellee.

Mr. G. W. Shute and Mr. Charles Bernstein, for Appellants.

Mr. D. V. Mulhern and Mr. B. H. Gibbs, for Appellee.

ROSS, C. J.—This is an action to recover the balance of a promissory note, the history of which is as follows: On February 15, 1928, at Phoenix, Arizona, the appellants, W. A. and Sophia Evans, made and delivered their promissory note for $14,987, payable on or before November 15, 1928, to E. J. McDermott, with interest at seven per cent per annum. In due course, on March 10, 1928, and before the note was due, McDermott indorsed it to the appellee, who paid full value for it.

At or before the time of its transfer to appellee it was also indorsed by Clarence Underhill, of Colorado Springs, Colorado.

On July 3, 1928, there was paid and credited on the principal of the note the sum of $13,152, and on February 28, 1929, $386.85, leaving a balance of $1,448.15, which, with accrued interest to July 28, 1931, together with attorneys' fees, is sued for.

Appellant W. A. Evans, McDermott and Underhill when said note was made were partners in a cattle ranch located in Arizona and, although the note appears to be that of appellants, the money borrowed was in fact for the use and benefit of the partnership; and the above payments on the note were made out of partnership funds.

On May 8, 1929, Underhill and McDermott gave to appellee their notes for $10,947.31, included in which was the above balance on the Evans note and other indebtedness of McDermott and Underhill to appellee, with the understanding that the Evans note should be held as collateral security to partially secure Underhill and the appellee. The McDermott and Underhill notes were renewed August 23, 1929, January 13, 1930, May 29, 1930, October 8, 1930; and for a balance

of $8,489.45 on May 4, 1931, and the Evans note continued to be held as collateral security to partially secure Underhill and appellee.

The appellants contended in the trial court that the transaction of May 8, 1929, changed their obligation to the appellee from a primary to a secondary one, and that since the note was past due when accepted or retained as collateral to McDermott's and Underhill's debt to the appellee, the latter took it with notice and subject to all the defenses appellants had against McDermott and Underhill growing out of their partnership. In other words, that from the time it accepted or retained the Evans note as collateral the appellee was not a holder in due course.

This contention of appellants was rejected by the court and judgment given to appellee and, we think, correctly so.

The note was, it is conceded, evidence of a partnership obligation. It was given for funds to be used in the partnership business. This being so, each partner is liable for the debt (sec. 3836, Rev. Code 1928) regardless of their rights *inter sese,* or the negotiable or non-negotiable character of the paper evidencing it. The only escape from this liability is payment by appellants, or by one of the partners, or someone in their behalf. Section 2421, Id. The acceptance by appellee of the partners' notes for the balance of the Evans note might constitute payment and would if such was the agreement. There was no agreement that the McDermott and Underhill notes for the balance of the Evans note were to be payment of it, and in such case, under the rule in this state, and generally, it was not a payment. A note given for a prior indebtedness is not payment unless agreed to be. *Reid* v. *Topper,* 32 Ariz. 381, 259 Pac. 397. The retention by appellee of the Evans note as a partial security to the McDermott anl Underhill notes is conclusive evidence that it was not intended by the

transaction of May the 8th to cancel it, or satisfy the debt it represented. The acceptance by appellee of the McDermott and Underhill notes, which included the balance of the Evans note, did not have the effect of extinguishing the latter, since that was not the agreement. 8 C. J. 572, § 794.

It is admitted that the appellee was originally a holder in due course, and such being the case it is difficult for us to see how it has lost that status. The fact that appellee may have assumed that the Evans note was collateral to the notes of McDermott and Underhill would not change or alter the makers' primary obligation, or affect the holder's status as holder in due course, or entitle the maker to offset the equities existing between him and his partners against such holder in a suit to collect.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.