562 P.2d 1087

Richard J. NEMEC and Barbara A. Nemec, husband and wife, Appellants,

v.

Martin ROLLO, Appellee.

No. 1 CA–CIV 3135.

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 17, 1977.

Rehearing Denied March 23, 1977.

Review Denied April 12, 1977.

Dushoff & Sacks by Robert V. Kerrick, Phoenix, for appellants.

Black, Robertshaw, Frederick, Copple & Wright, P.C. by William H. Douglas, Phoenix, for appellee.

NELSON, Presiding Judge.

Plaintiffs, Richard and Barbara Nemec, commenced an action against the defendant, Martin Rollo, to recover the unpaid balance of Rollo's personal note, given as part of the purchase price for the sale of real property. Plaintiffs now appeal from the dismissal of their action in response to defendant's motion for summary judgment. For the reasons stated below, we affirm the judgment.

In 1974 defendant and plaintiffs entered into a written agreement for the sale of real property located in the City of Phoenix. The purchase price was $510,000.00 and was payable as follows: $21,000.00 cash upon execution of the agreement, $12,000.00 by personal note of the defendant, $12,000.00 by assignment of an interest in another sales agreement, and $465,000.00 to be paid in monthly installments. The personal note was also payable in monthly installments and the sales agreement required concurrent payment of installments on the note and on the $465,000.00, stating that no payment should be made without the other.

Within a few months defendant ceased making all monthly payments. In accordance with the provisions of the sales agreement, plaintiffs elected to declare a forfeiture, repossess the property and to retain "all payments made" pursuant to the sales agreement as liquidated damages. They then instituted the present action to recover on defendant's note on which a principal sum of $10,451.26 plus interest remained unpaid. On cross-motions for summary judgment the trial court dismissed plaintiffs' complaint and entered judgment for defendant on the basis that recovery was barred under the doctrines of failure of consideration and election of remedies. We agree.

Plaintiffs contend defendant's note was given in lieu of cash, as part of the down payment for the purchase of the property. And, they argue, since the note was the equivalent of cash, its receipt constituted a "payment" within the liquidated damages clause of the sales agreement and is recoverable. Alternatively, they contend the note obligation was entirely separate from the obligations under the sales agreement and was not discharged, as they concede the obligations under the agreement were, when the agreement was forfeited.

With respect to plaintiffs' first contention, we agree that defendant's answers to interrogatories may indicate that he was short of cash and that his note was given as part of the down payment. However, we find nothing in the language of the agreement which requires the construction urged by the plaintiffs. Generally, acceptance of a note is not "payment" unless the parties expressly agree that it is to be accepted as such. *See Evans v. Colorado*

*Savings Bank*, 41 Ariz. 504, 19 P.2d 1062 (1933); *Reid v. Topper*, 32 Ariz. 381, 259 P. 397 (1927). And the intent of the parties to a contract, if unambiguous, is determined by its contents alone. *Kreig v. Hammels*, 29 Ariz. 280, 240 P. 1031 (1925). Their motives for entering a contract are generally immaterial as a matter of law, and if there was consideration for their agreement, our concern is not why the parties made a contract, but what contract was made. *Reichenberger v. Salt River Project Agricultural Improvement and Power District*, 50 Ariz. 144, 70 P.2d 452 (1937).

■ In our opinion, the language of the sales agreement does not support plaintiffs' assertion that defendant's note was accepted either as part of the down payment for the property or in lieu of a cash payment for any part of the purchase price. Had it been accepted as the equivalent of cash, as plaintiffs contend, the amount should have been credited to the defendant and this was not done. *Gray v. Mitchell*, 145 Or. 519, 28 P.2d 631 (1934). The agreement did not provide that the note constituted a "payment," but merely called for its execution and stated that payments thereunder be made at the times specified in the sales agreement. *Compare Davies v. Boyd*, 73 N.M. 85, 385 P.2d 950 (1963). The note, rather than representing a partial satisfaction of defendant's obligation under the agreement, was merely additional evidence of his obligation to pay installments on the purchase price. *See Pierpont v. Hydro Manufacturing Company, Inc.*, 22 Ariz.App. 252, 526 P.2d 776 (1974); *Ellery v. State*, 42 Ariz. 79, 22 P.2d 838 (1933); *Portner v. Tanner*, 30 Wyo. 85, 216 P. 1069 (Wyo.1923). The written contract between the parties can thus only be interpreted as providing a single agreement to pay $510,000.00, with a portion represented by cash and an assignment and the balance of $477,000.00 to be paid in installments.

Forfeiture by the buyer under the agreement specifically allowed liquidated damages, but did not permit the sellers to continue to collect installment payments due after the date of forfeiture. Had defendant given cash instead of the note, it is clear plaintiffs could have retained it as liquidated damages under the sales agreement. However, since the note was not the equivalent of cash, no "payment" within the contemplation of the agreement was made and no recovery on the note as liquidated damages within the terms of the agreement can be had. *Compare Portner v. Tanner, supra.*

■ We are also convinced that plaintiffs cannot recover under their alternate theory that the note was an independent covenant, entirely separate from the obligations owed under the sales agreement, which remained in force even after the agreement was terminated. On the contrary, we find that the note, even though it was a separate document making no reference to the sales agreement or to the property, was an integral part of the sales agreement. Each instrument was executed as part of the same transaction, the note arising as an incident of the agreement and solely in consideration for its execution and merely represented defendant's indebtedness for part of the purchase price. *See Davies v. Boyd, supra ; Portner v. Tanner, supra.* Plaintiffs' right to enforce collection under the note was therefore dependent upon defendant's obligation to pay the purchase price of the property. Once plaintiffs effected forfeiture of the sales contract there was an entire failure of consideration for the promissory note, regardless of which instrument contained the promise to pay and the note became unenforceable by plaintiffs or any other person who was not a holder in due course. *See Amos Flight Operations, Inc. v. Thunderbird Bank*, 112 Ariz. 263, 540 P.2d 1244 (1975); *Mecham v. United Bank of Arizona*, 107 Ariz. 437, 489 P.2d 247 (1971); *Glassell v. Coleman*, 94 Cal. 260, 29 P. 508 (1892); *Portner v. Tanner, supra; Gray v. Mitchell, supra.*

■ In addition, after defendant breached the sales agreement, plaintiffs could have pursued one of three remedies. They could have rescinded the agreement, sued for its specific performance, or instituted action for damages for its breach. *Weath-*

*erford v. Adams,* 31 Ariz. 187, 251 P. 453 (1926). Since the note was an integral part of the agreement, plaintiffs' action to recover on it in effect seeks enforcement of an obligation under the agreement which was discharged when they elected rescission and forfeiture. Under the doctrine of election of remedies, the action on the note is inconsistent with their previous election and is therefore barred. *See Hennesy Equipment Sales Co. v. Valley National Bank,* 25 Ariz.App. 285, 543 P.2d 123 (1976).

Plaintiffs finally contend they were entitled to prevail on their motion for summary judgment because defendant failed to file an affidavit controverting assertions of fact made by Barbara Nemec in support of plaintiffs' summary judgment motion.

 This is not the law. While an adverse party who fails to controvert facts averred to in affidavits accompanying a motion for summary judgment does so at his peril, that failure does not ipso facto entitle the movant to a judgment in his favor. *Choisser v. State ex rel. Herman,* 12 Ariz.App. 259, 469 P.2d 493 (1970). Before ruling on a motion for summary judgment, a trial court must not only consider the parties' affidavits but also the entire record including the verified pleadings, depositions, answers to interrogatories and admissions contained therein which are brought to its attention. *Choisser v. State ex rel. Herman, supra.* It is only the existence of uncontroverted *competent* evidence favorable to a movant, from which only one inference can be drawn, that entitles a party to summary judgment. *Choisser v. State ex rel. Herman, supra.*

 In the present case we are concerned with a written contract and construction of a written contract is a question of law or a mixed question of law and fact. *Schuldes v. Wubbolding,* 15 Ariz.App. 527, 489 P.2d 1229 (1971). In actions involving written agreements, the parol evidence rule may preclude raising a factual issue so that summary judgment should be rendered for the party entitled under principles of contract law. 6 J. Moore, Moore's Federal Practice, ¶ 56.17[11], 56.17[43] (1976). The mere fact that parties to an instrument disagree as to its meaning does not establish its ambiguity. *Coombs v. Lumberman's Mutual Casualty Company,* 23 Ariz.App. 207, 531 P.2d 1145 (1975). Since we have concluded that the sales agreement was unambiguous, the averments in Mrs. Nemec's affidavit, which were designed to resolve an alleged ambiguity in the contract and which would have varied the contract's terms, constituted inadmissible parol evidence. *Carrillo v. Taylor,* 81 Ariz. 14, 299 P.2d 188 (1956). It was therefore unnecessary for defendant to controvert these averments and would have been improper for the trial court to consider them. *See Limberopoulos v. Tom Fannin and Associates,* 17 Ariz.App. 35, 495 P.2d 475 (1972).

Judgment affirmed.

DONOFRIO and SCHROEDER, JJ., concur.