DAVID T. JONES, Appellee, v. M. L. BASHAW, Appellant. ·

**VENDOR AND PURCHASER:** Avoidable Damages. A vendor, faced by the purchaser's refusal to perform, may, in order to guard as much as possible against damages to either or both of the parties, rent the premises; and when the tenant's possession under such lease is made subject to cancellation at any time by the vendor, it may not be said (1) that the vendor has incapacitated himself from performing his contract to sell, or (2) that he has elected to keep the property and cancel the contract of sale.

**SPECIFIC PERFORMANCE:** Unconscionable Contract. ‚A vendor's demand for specific performance—for the price agreed on—may not be denied on the assertion in argument, unsupported by any evidence, that the contract is unconscionable.

*Appeal from Montgomery District Court.*—J. B. ROCKAFELLOW, Judge.

JUNE 23, 1922.

SUIT by the vendor for specific performance of a contract of sale of real estate. That is to say, the plaintiff, as vendor, tenders full performance, and sues to recover the purchase money. The defense set up is that the plaintiff had disabled himself from performing, because he had leased the property, prior to the contract date of performance, and because he had sold certain personal property which had been included in the contract of sale as a part of the subject-matter thereof. There was a decree for the plaintiff, and the defendant appeals.— *Affirmed.*

*W. C. Ratcliff* and *Tinley, Mitchell, Pryor, Ross & Mitchell,* for appellant.

*Hysham & Billings,* for appellee.

EVANS, J.—The defendant introduced no evidence. The evidence presents no dispute of fact. On March 23, 1920, the plaintiff entered into a contract of sale of his farm of 159 acres, for a consideration of $500 an acre. This consideration was to cover the price of the farm and of certain items of the personal property then and there being upon such farm. The date of performance fixed by the contract was March 1, 1921, on which date the defendant was to pay to the plaintiff the sum of $54,000. On such date, the plaintiff tendered performance, and the defendant failed to perform. The principal defense urged is predicated upon certain leases which had been made by the plaintiff in the month of February. The defendant had notified the plaintiff, in December preceding, that he would be unable to perform his contract. He based his claim of inability upon the ground that he had failed to make a sale of his own farm. Because of this notification by the defendant, and for the purpose of minimizing loss either to the plaintiff or to the defendant, the plaintiff entered into a provisional contract of lease with two tenants, whereby it was agreed between him and them respectively, in effect, that they would surrender the premises at any time upon his request, for a stated consideration then and there agreed upon in such lease.

Another defense urged by the defendant was that the plain-

tiff had sold some of the personal property which was enumerated in the contract. The facts alleged as such defense were denied by the plaintiff. They find no support in the evidence. Notwithstanding the defendant's previous notice of his inability to perform the contract, the plaintiff made formal tender on March 1st, strictly in accord with his contract.

The only question before us, under the pleadings, is whether the plaintiff, by the execution of the leases in question, had so disabled himself from performance that he was not entitled to specific performance. The answer must be in the negative. The contract was wholly breached by the defendant by his notification to the plaintiff that he would not perform. It was the duty of the plaintiff, in equity, to minimize the loss that might result to one or the other or both of the contracting parties by a failure to make proper provision for the use of the farm during the year 1921. The method adopted by the plaintiff was legitimate and reasonable as regards the defendant. The testimony is undisputed that the tenants thus selected stood ready to relinquish their leases upon request of the plaintiff at any time, and that the plaintiff was, therefore, ready and able to perform on March 1st. The trial court, therefore, properly held that the plaintiff had not disabled himself from performing the contract. It necessarily follows, also, that the execution of such leases could not be deemed an election by the plaintiff to rescind the contract.

*1. VENDOR AND PURCHASER: avoidable damages.*

In the brief of appellant filed in this court, it is further urged that the contract which the plaintiff sought to enforce was unconscionable, and that specific performance should be refused upon that ground, and that plaintiff should be remitted to an action at law for damages. The defendant offered no evidence, nor does the record contain any evidence, which has any tendency to support this contention. Defendant's pleading presents no claim of fraud or of duress; nor does it appear therefrom that the price was unconscionable. The general rule that the remedy of specific performance is an extraordinary one, and will not necessarily be granted as a matter of right, is ordinarily applicable to a suit by the vendee who seeks to enforce convey-

*2. SPECIFIC PERFORMANCE: unconscionable contract.*

ance, rather than to a vendor who seeks recovery of his purchase price. If a vendor were driven to an action for damages, his measure of damages would be the difference between the contract price and the value of the property; so that the remedy of damages could not be any more conscionable than the remedy of specific performance.

This suit, as already indicated, is by the vendor, and all he asks is the recovery of his purchase price. In the absence of legitimate defense, the court has no power to grant him less. The decree entered below must, therefore, be—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.