No. 12,935.

Woodward, Administrator *v.* Molander.

(22 P. [2d] 622)

Decided May 1, 1933. Rehearing denied May 29, 1933.

552

Mr. CLAY R. APPLE, Mr. E. T. SNYDER, for plaintiff in error.

Mr. A. X. ERICKSON, Mr. EMORY L. O'CONNELL, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

SUIT by a grantor of real property to require an administrator of an estate specifically to perform a contract of purchase, particularly to pay a mortgage lien, created by such grantor, which the administrator's intestate had formally assumed in a deed of conveyance. Judgment was given against the administrator and in favor of Molander for $1,930.03, based as indicated in the opinion. Error is assigned.

It appears that in March, 1929, defendant in error con-

veyed certain real property to one Kinsella, who entered into possession; that as consideration for the conveyance Kinsella paid $350 and assumed payment of, but had not paid, an encumbrance of $3,000 against the property, executed by defendant in error during her ownership; that February 4, 1930, Kinsella died, and February 8, following, plaintiff in error became administrator of his estate; that March 5, 1930, this suit was begun. Subsequently, by amended complaint, with prayer as before, defendant in error alleged, and it was established, that August 7, 1930, one Petrikin, the holder of the indebtedness which had been assumed, sued her and sought foreclosure of the mortgage or trust deed given to secure it, and that August 30, 1930, judgment was given against her for $3,768.77, foreclosure decreed, and September 26, 1930, the property was sold in course, the whole culminating in a deficiency judgment of $1,809.42, as of August 30, 1930. Kinsella's estate, through plaintiff in error, or otherwise, was not made a party in the foreclosure proceeding; but before judgment was given in the suit of present inquiry, and after the foreclosure judgment and sale, Petrikin, on motion of defendant in error, was made a party defendant. Petrikin answered, setting forth in ample detail the foreclosure decree and sale, disclaimed any interest in this suit, sought no relief against plaintiff in error, and prayed only that the foreclosure decree, including his deficiency judgment against defendant in error, be not disturbed. In the judgment order no mention of Petrikin or his rights is made.

From the inception of the suit plaintiff in error contended that a cause of action had not been stated, and that the nature of the claim of defendant in error was such that only the county court, where administration of Kinsella's estate was proceeding, had jurisdiction in the first instance to try and adjudge the matter, and by apt and timely motions and demurrers, submitted in order, he challenged the sufficiency of the allegations and the jurisdiction of the forum. At the time of trial, and pre-

liminary thereto, and by leave of court, plaintiff in error again presented the points, and the court ruled adversely as before. On trial the court found and adjudged against plaintiff in error, and in favor of defendant in error in the sum of the deficiency judgment given against her in the foreclosure proceeding, plus interest. That the court erred in the particulars emphasized, and in the judgment, is urged.

That there may be specific performance adjudged as to contracts for sale of real estate is well established. The vendor, as well as the vendee, in proper circumstances, may invoke the remedy. 2 Pomeroy's Eq. Rem., p. 1261, §747; *McClurg v. Crawford,* 209 Fed. 340; *Jones v. Bashaw,* 193 Ia. 1245, 188 N. W. 769. And if in the end the court awards only a monetary recovery, still the appeal to equity may not be said to be improvident. Pomeroy, supra. But regardless of election of remedies and relief asked, two inquiries are necessarily pertinent, namely, what was the contract, and has there been failure to observe its provisions in such sense as to warrant the judgment given.

Expressed in simplest terms the contract on the part of defendant in error was to convey the premises, which was done; on the part of Kinsella he was to pay $350 and assume payment of $3,000 owing by the grantor to a third party, secured by a trust deed on the property conveyed. Kinsella paid the cash portion of the consideration, and in the deed of conveyance, the only evidence of that part of his undertaking, there was written his formal assumption of the encumbrance. As between themselves was there aught else, of equitable cognizance, for either party to do in making compliance with the contract? We think not. If our premise is right, then suit for specific performance does not lie. *Woodruff v. Germansky,* 233 N. Y. 365, 369, 370, 135 N. E. 601.

By our decisions we have determined the status of parties in circumstances akin to the facts here. We have held that one who assumes a mortgage debt be-

comes the primary debtor, and that the mortgagee may proceed to personal judgment upon the contract of assumption, without resorting to foreclosure. *Skinner v. Harker,* 23 Colo. 333, 48 Pac. 648. Also, that assumption of mortgage indebtedness by a grantee in a deed makes him directly liable to the holder of the mortgage note. *Parker v. McGinty,* 77 Colo. 458, 239 Pac. 10. That liability of the assuming grantee arises out of contract, and constitutes legal liability, enforceable in an action at law. *Starbird v. Cranston,* 24 Colo. 20, 48 Pac. 652. And that he may be sued by the holder of the note. *Smith v. Davis,* 67 Colo. 128, 186 Pac. 519. See also, 41 C. J. 740, §798; *Ross v. Warren,* 196 Ia. 659, 195 N. W. 228.

It would seem to follow that Petrikin could have ignored his trust deed, permanently, or during his pleasure, exhibited his claim against the Kinsella estate and secured its allowance. Since, however, he did not proceed against the estate, but sought rather to realize his demand by foreclosure, seeking judgment otherwise against only defendant in error, may her personal judgment against the representatives of the estate be justified in equity? We do not think so. The embarrassment to defendant in error is not without its appeal, but we are persuaded she was not entitled to a money judgment. Kinsella's primary obligation was to pay the holder of the indebtedness he had assumed. Neither by the judgment given, nor by its payment, would the Kinsella estate be relieved of the assumption obligation. *Bennett v. Abrams,* 41 Barbour (N. Y.) 619, 627. In the foreclosure suit, brought against defendant in error, she did not ask to have the Kinsella estate, or its personal representative, made a party, to the end that any deficiency judgment might be made the primary obligation of the estate, and enforced so, as would have been the right of the matter. Likewise in this suit, no attempt was made to have judgment in favor of Petrikin, to whom, and not to defendant in error, Kinsella or his estate was primarily beholden.

On the other hand, were we to adopt the theory that Kinsella was legally obligated to pay defendant in error a sum equal to the assumed indebtedness, or any sum, then her choice of courts was erroneous. In the circumstances of the record, only the court where Kinsella's estate 'was in course of administration could make original determination. Constitution, art. VI, §23; *Colo. Nat. Bank v. McCue*, 80 Colo. 55, 249 Pac. 3; *McKinnon v. Hall*, 10 Colo. App. 291, 50 Pac. 1052; *Stichter v. Cox*, 52 Neb. 532, 72 N. W. 848; *Estate of McVay*, 14 Ida. 56, 64, 93 Pac. 31; 41 C. J. 753, §822; *Ingram v. Ingram*, 71 Ill. App. 497.

The suit should have been dismissed. Let the judgment be reversed to that end.

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MOORE not participating.