521 P.2d 1282 (1974)
Oakley ELLICKSON, Plaintiff-Appellant,
v.
Oscar DULL, Jr. and Juanita Frey Dull, Defendants-Appellees.
No. 73-118.
Colorado Court of Appeals, Div. I.
April 30, 1974.
*1283 Goodbee & Mason, Wendell R. Goodbee, Colorado Springs, for plaintiff-appellant.
Asher, Kraemer & Kendall, Sandy F. Kraemer, Colorado Springs, for defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
Plaintiff purchased a tract of land which was conveyed to him by a warranty deed that contained the following exception to the warranty of title:
"... except Trust Deed dated February 27, 1970, from Clyde M. Trees and Marlys J. Trees for the use of Cecil M. Ver Duft and O. L. Clark, which grantee assumes and agrees to pay."
Plaintiff subsequently divided the land into three separate parcels. He sold two parcels and retained one. Title was warranted to both parcels which he sold. However, each deed, at the end of the warranting clause, contained the following provision, "except ... a trust deed recorded in Book 2334 at page 434 El Paso County, Colorado, records." Defendants subsequently acquired title to one of the two tracts sold still subject to the deed of trust.
When plaintiff defaulted in making the payments required to be made on the note secured by the aforementioned deed of trust, defendants purchased the note, released the tract owned by them from the deed of trust, and commenced foreclosure on the lot still owned by plaintiff and on the other lot. Defendants purchased the property at the public trustee's sale for the amount owing on the note which was secured by the deed of trust. Plaintiff then sought to redeem his lot from the sale by offering to make a partial payment to defendants. Defendants refused the partial payment and demanded payment of the entire amount due under the indebtedness. Plaintiff then filed suit seeking an order of court allowing him to redeem partially. After trial to the court on stipulated facts, the court dismissed plaintiff's complaint.
On appeal, plaintiff contends that when defendants acquired the note secured by the deed of trust which covered the three parcels of land, and at the same time was an owner of one of the tracts covered by the deed of trust, plaintiff was then entitled to redeem his tract by paying a proportionate part of the amount owing. We disagree and affirm.
The facts are stipulated. The stipulation shows the various conveyances without detailing the circumstances of sale, consideration for each sale, closing sheets or transfer of funds in each closing. There was no evidence that either of the parties who purchased lots from plaintiff agreed to pay all or any part of the mortgage debt which plaintiff had assumed and agreed to pay. The trial court found that "there is no fact here that gives rise to intervention of equity to relieve plaintiff of his obligation he assumed", and that "there is nothing to indicate that the exhibits did not properly carry out the intention of the parties." The record supports these findings.
The statutory provision providing for redemption from a sale by the public trustee, 1965 Perm.Supp., C.R.S.1963, 118-9-2(1), provides as follows:
"Except as hereinafter provided with respect to agricultural real estate, within seventy-five days after the date of the sale of real estate by virtue of any foreclosure of a mortgage, trust deed, or other lien, or by virtue of an execution and *1284 levy, the owner of the premises or any person who might be liable upon a deficiency may redeem the premises sold by paying to the public trustee, sheriff, or other proper officer the sum for which the property was sold, ...." (emphasis added)
Despite the clear wording of the statute, plaintiff contends that where the owner of one of the parcels acquires the note and the security therefor and releases the parcel that he owns from the deed of trust, that then the holder of the deed of trust must credit the value of the part released against the note so that the remaining parties can be charged only with the remainder of the debt. He argues that the mortgagee, by acquiring or releasing part of the mortgaged premises, has consented to such an apportionment of the mortgage. This argument might be valid if there were some basis for the intervention of equity, which there is not, under the facts of this case.
Plaintiff purchased the entire property secured by the deed of trust and, at that time, assumed and agreed to pay the note secured by the deed of trust. He became personally liable on the original note and could be sued directly on it. Woodward v. Molander, 92 Colo. 551, 22 P.2d 622; Starbird v. Cranston, 24 Colo. 20, 48 P. 652. Although he sold two parcels of the property, such sales were subject to the deed of trust, and there is no evidence that the purchasers agreed to pay any part of the indebtedness.
Plaintiff is liable on the note for the entire indebtedness, and the property still owned by him covered by the deed of trust was properly sold to satisfy that indebtedness. If he desires to redeem from the public trustee sale, he cannot apportion the indebtedness but must pay the entire amount bid at the sale plus interest, taxes, and other proper charges.
Judgment affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.