594 P.2d 92

**SOUTHWEST SAVINGS AND LOAN ASSOCIATION, an Arizona Corporation, Appellant,**

v.

**Ralph J. LUDI and Loretta L. Ludi, husband and wife, Appellees.**

**No. 13948.**

Supreme Court of Arizona, In Division.

April 5, 1979.

Cahill, Hanson, Phillips & Mahowald by Gregory E. Hinkel, Phoenix, for appellant.

Kenneth P. Clancy, Phoenix, for appellees.

HAYS, Justice.

This is an appeal by Southwest Savings and Loan Association (Southwest) from a summary judgment in favor of Ralph and Loretta Ludi (Ludis). We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5). We reverse.

The parties have stipulated to the following facts. In 1972, purchaser A borrowed money from Southwest to purchase certain real property and in exchange gave Southwest a promissory note secured by a purchase money mortgage on the property. A few months later purchaser A sold the property to purchaser B who assumed the note and mortgage without releasing purchaser A. In 1974, purchaser B executed a second promissory note secured by a second mortgage to Southwest in consideration for a property improvement loan. The next year, purchaser B sold the property to the Ludis. In two separate but simultaneously executed assumption agreements, the Ludis agreed to assume both promissory notes and mortgages without releasing either purchaser B or A. The next year the Ludis defaulted on the first note and Southwest brought a mortgage foreclosure action that ended in summary judgment for Southwest. It was not appealed.

In the interim, the Ludis defaulted on the second note and Southwest instituted an action at law on the note, waiving its security. This action terminated in summary judgment for the Ludis. The trial court found that Southwest had elected its remedy by bringing the first action to foreclose the mortgage, thus barring any action on the second note. The court also ruled that A.R.S. § 33–729 forbade the second action since it was an action in the nature of a deficiency judgment. Southwest challenges both grounds as error.

We must first decide whether Southwest has elected its remedy by foreclosing the first mortgage, thus precluding an action at law on the second note. We recognize at the outset that the purchase agreement contained no provision expressly or impliedly controlling this issue as did the contract in *Nemec v. Rollo*, 114 Ariz. 589, 562 P.2d 1087 (App.1977). Thus, we find *Nemec* inapposite.

There is no question, and the Ludis admit on appeal, that purchaser B (the Ludis' grantor) was bound by both notes and that as to him Southwest had two separate causes. In the event purchaser B had defaulted, Southwest could have sued on both notes, or, as it did here, foreclosed the mortgage on the first note and sued at law on the second. The Ludis argue, nonetheless, that their assumption of both notes as part of the purchase agreement had the effect of merging the remedies available to Southwest. The question that we must face, therefore, is whether the Ludis' assumption of both notes as part of a purchase agreement improves their rights and automatically limits the remedy of Southwest by forcing it to elect its remedy. We think not.

It is well settled that the purchaser of property from the mortgagor who assumes the mortgage thereon is bound by the terms of the mortgage. *Ellickson v. Dull*, 34 Colo.App. 25, 521 P.2d 1282 (1974); *HEP Development Corp. v. Mouton*, 256 So.2d 744 (La.App.1971); *Brice v. Griffin*, 269 Md. 558, 307 A.2d 660 (1973). He becomes the principal obligor or mortgagor on the debt being personally liable thereon while the grantor becomes a surety. *Ellickson v. Dull, supra; Everts v. Matteson*, 21 Cal.2d 437, 132 P.2d 476 (1942); *Stalcup v. Easterly*, 351 P.2d 735 (Okl.1960). In other words, he takes the place of the previous mortgagor assuming all the liabilities and duties imposed by the note and mortgage.

The Ludis admit that their grantor, purchaser B, would have been liable on both notes, whether sued for one or both. They also admit that they signed two valid agreements contracting to assume each note and mortgage. Thus, as a matter of law, the Ludis have taken the place of purchaser B as the principal debtor on both notes. They are subject to the same conditions and obligations as was their grantor. Since Southwest could have foreclosed the first mortgage and also sued on the second promisso-

228

ry note as against purchaser B, Southwest had the same remedies available to it as against the Ludis. We do not believe that the liability on the notes was decreased—nor that Southwest's remedies were reduced—by the Ludis' simultaneous assumption of both notes.

The Ludis argue, in the alternative, that since both mortgages were assumed as part of the consideration for the purchase of the real property, both were purchase money mortgages within the meaning of A.R.S. § 33–729. As a result, Southwest could not foreclose on one and then sue at law on the other as that would be the equivalent of seeking a deficiency judgment which the statute forbids. We disagree.

A.R.S. § 33–729(A) provides that when a mortgage is given to secure the payment of a part or the balance of the purchase price on real property, an action to foreclose the mortgage is limited to that property, i. e., no deficiency judgment may be obtained. In order to determine whether the Ludis may claim any benefit from this statute as a result of their assumption, we must look to the rights given them by their grantor. Purchaser B assumed a mortgage that purchaser A had given to secure part of the purchase price. To that extent, Southwest could have foreclosed the mortgage against B but, pursuant to the statute, could not have sought a deficiency judgment if the foreclosed property was of less value than the mortgage. Purchaser B gave Southwest a second mortgage and note, not for purchase money, but for a property improvement loan. That mortgage is clearly not covered by the statute. Moreover, since Southwest had a cause of action against purchaser B for both mortgages and notes, it could have foreclosed the first mortgage and still have sued at law on the second note without violating the statute, as the second action would not be a deficiency judgment based on the first mortgage but a wholly independent action on the second note alone. The Ludis' assumption of the two mortgages and notes puts them in the same position occupied by their grantor. Thus, the action before us is an action on an independent promissory note. It is not a deficiency judgment founded on an inadequate recovery following the foreclosure of the first mortgage. A.R.S. § 33–729 is therefore inapplicable and Southwest is entitled to bring this action.

The Ludis have admitted their breach and all other elements necessary for Southwest's recovery, and there being no genuine issue of material fact, we remand this cause to the trial court for entry of judgment in favor of Southwest.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concurring.