747 P.2d 604

**SOUTHWEST SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, fka Catalina Savings and Loan Association, a corporation, Plaintiff/Appellant,**

v.

**Barbara A. MASON, the spouse of Michael T. Mason, as her sole and separate property; Michael T. Mason; George Mason and Dorothy E. Mason, husband and wife; Richard G. Mohr and Marilyn M. Mohr, husband and wife; Deanne R. Mohr Grabinski, a married woman in her sole and separate right, Defendants/Appellees.**

No. 2 CA–CV 87–0096.

Court of Appeals of Arizona, Division 2, Department A.

Sept. 30, 1987.

Review Granted Jan. 19, 1988.

Aboud & Aboud, P.C. by Michael J. Aboud, Tucson, for plaintiff/appellant.

Dennis A. Rosen, Ltd. by Gayle D. Reay, Tucson, for defendant/appellee Barbara Mason.

Chandler, Tullar, Udall & Redhair by Edwin M. Gaines, Jr., Tucson, for defendants/appellees George and Dorothy Mason.

King & Frisch, P.C. by Ron Allen, Tucson, for defendants/appellees Mohr and Grabinski.

## OPINION

LACAGNINA, Chief Judge.

Southwest Savings and Loan Association moved for summary judgment on count two of its complaint seeking recovery on a promissory note secured by the realty mortgage on a family dwelling. Count one of the complaint sought foreclosure of the mortgage. The trial court denied Southwest's motion for summary judgment but granted summary judgment on the borrowers' motion, ruling that Southwest could not maintain a separate claim on the note without foreclosure because of the provisions of A.R.S. § 33–729 prohibiting deficiency judgments upon foreclosure of mortgaged single family dwellings of two and one-half acres or less. We reverse and remand for entry of judgment in favor of Southwest for the amounts due on the unpaid note because A.R.S. § 33–729 only governs judgment liens arising after foreclosure of a mortgage and is inapplicable to suits brought to collect upon a promissory note.

The following material facts are undisputed. The original borrowers executed a promissory note secured by a realty mortgage on a single family residence situated on less than two and one-half acres of land. The subsequent purchasers of the property agreed to be liable on the promissory note and mortgage. The note provides for acceleration of the entire principal balance plus interest upon default on any installment at the option of the holder. When payments on the note and mortgage ceased, Southwest filed an action for foreclosure, and before responsive pleadings were filed, amended the complaint adding a count for enforcement of the promissory note.

The language of A.R.S. § 33–729(A)[1] does not prohibit a mortgagee from electing to proceed at law to collect its debt. What it clearly prohibits is an action to recover any deficiency remaining after a mortgage foreclosure action. When a mortgagee elects to proceed by foreclosure of a purchase money mortgage, he may satisfy the debt only from the proceeds of the sale of the mortgaged property and cannot execute upon any other property of

---

1. § 33–729. Purchase money mortgage; limitation on liability

A. Except as provided in subsection B, if a mortgage is given to secure the payment of the balance of the purchase price, or to secure a loan to pay all or part of the purchase price, of a parcel of real property of two and one-half acres or less which is limited to and utilized for either a single one-family or single two-family dwelling, the lien of judgment in an action to foreclose such mortgage shall not extend to any other property of the judgment debtor, nor may general execution be issued against the judgment debtor to enforce such judgment, and if the proceeds of the mortgaged real property sold under special execution are insufficient to satisfy the judgment, the judgment may not otherwise be satisfied out of other property of the judgment debtor, notwithstanding any agreement to the contrary.

the debtor for any deficiency (except pursuant to § 33–729(B) where the mortgagor has committed waste).

However, the provisions of § 33–729(A) do not abolish the mortgagee's right to elect to enforce the note without foreclosure. *Darnell v. Denton,* 137 Ariz. 204, 669 P.2d 981 (App.1983). The mortgagee's separate right to bring an action on the debt rather than foreclosure is established by A.R.S. § 33–722, which provides that "[i]f separate actions are brought on the debt and to foreclose the mortgage given to secure it, the plaintiff shall elect which to prosecute and the other shall be dismissed." The two provisions of the statute must be read together, however, in order to give meaning to each. Section 33–722 permits an election of remedies. Section 33–729 evinces a legislative policy that if a home is used to pay a debt, no other assets may be the subject of execution. Both sections can be given meaning by allowing an election but also by holding that once the mortgagee elects to bring an action on the note, he cannot thereafter attempt to attach the property in order to satisfy that judgment on the note.

The supreme court's decision in *Southwest Savings and Loan Ass'n v. Ludi,* 122 Ariz. 226, 594 P.2d 92 (1979), supports our opinion that § 33–729(A) is only applicable to deficiencies remaining after the foreclosure of a mortgage. It is significant to note that appellate courts in Arizona, when given an opportunity to discuss § 33–729(A), have never held that this section prescribed the exclusive remedy available to mortgagees. *See, e.g., Southwest Savings and Loan Ass'n v. Ludi, supra; Northern Arizona Properties v. Pinetop Properties Group,* 151 Ariz. 9, 725 P.2d 501 (App.1986); *Darnell v. Denton, supra.* In addition, we find nothing in the terms of the master mortgage in this case which prevents Southwest from electing its remedy as provided by A.R.S. § 33–722.[2]

Because we reverse the trial court and remand for entry of judgment in favor of Southwest on count two of its complaint, the underlying facts of which were not in dispute, we need not discuss the issues of fact raised by borrowers regarding alleged equitable defenses preventing summary judgment except to note that those defenses are applicable in equity to prevent foreclosure or forfeiture, a remedy not sought by Southwest.

Reversed and remanded for entry of judgment in favor of Southwest.

LIVERMORE, J., concurs.

HOWARD, Presiding Judge, dissenting.

I am unable to agree with the majority for two reasons. First, their reasoning is faulty. They must either "fish or cut bait." Either A.R.S. § 33–729 is the exclusive remedy or it is not. There is no middle position. As the result of the majority position, we have a new statute. A.R.S. § 33–722 has been amended to read:

If separate actions are brought on the debt and to foreclose the mortgage given to secure it, the plaintiff shall elect which to prosecute and the other shall be dismissed, *however should the plaintiff elect to waive the mortgage, he shall not be allowed to later attach the property formerly subject to the mortgage in order to evade the provisions of A.R.S. § 33–729(A).* (Emphasis added).

Of course, the majority had to reach this conclusion because of the weakness of its position, which fails to resolve the conflict between A.R.S. § 33–722 and A.R.S. § 33–729(A), and the obvious result of its holding that A.R.S. § 33–729(A) is not exclusive.

I do not believe that the majority has presented an "end run." A.R.S. § 33–729(A) was part of House Bill 330, 30th Leg., 1st Sess. (1971), which was one

2. The states of California, Montana and Utah have enacted statutes providing foreclosure as the exclusive remedy on purchase money obligations secured by property meeting statutory requirements. *See, e.g.,* Calif.Civ.Proc.Code § 726; Montana § 71–1–222; Utah Judicial Code 78–37–1. In fact, foreclosure in California is the exclusive remedy for all debts secured by mortgage on real property. Calif.Civ.Proc.Code § 580b. These statutes are clearly opposite to the Arizona foreclosure statutes.

**446**

of four bills enacted to protect consumers against various abuses. In Boyd and Balentine, "Arizona Consumer Legislation," 14 Ariz. L.Rev. 627, 654 (1972), the authors make this observation:

> In addition to providing protection for consumers who have purchased goods and services, House Bill 330 also extends protection in real property transactions. Section 33–729 provides that when a mortgage given to secure the purchase price of a family dwelling is foreclosured and results in a deficiency claim enforceable by execution, the claim will be allowed only if the court determines that the foreclosure sale proceeds were insufficient because the value of the real property had been diminished as a result of waste voluntarily committed or permitted by the debtor. This section not only precludes artificial deficiencies resulting from forced sales, but also those caused by natural depreciation in market value.
>
> The most direct benefit of this provision will be the elimination of hardships resulting to consumers who, when purchasing a home, fail to realize the extent to which they are subjecting assets besides the home to legal process. Since the statute reduces the risks associated with default, consumers may also be encouraged to purchase more homes. (Footnotes omitted).

I believe it is safe to presume that the benefits of this legislation mentioned in the article was the purpose of this legislation. In other words, the legislature intended, by its enactment, to prevent deficiencies resulting from forced sales or natural depreciation in market value and to eliminate the hardship resulting to consumers who do not realize that when they sign a note and mortgage, they are not only subjecting their house to foreclosure but may also be risking any other assets they may have. Since the majority would allow the mortgagee to waive his mortgage and proceed against the debtor's other assets, A.R.S. § 33–729(A) cannot only be subverted, but is also rendered meaningless. I would hold that A.R.S. § 33–722 is a general statute governing mortgages, but that A.R.S. § 33–729(A) is a specific statute governing

the type of mortgage described therein and that the remedy provided by the statute is exclusive. To hold otherwise would mean that the legislature passed a meaningless statute.