751 P.2d 526

SOUTHWEST SAVINGS AND LOAN AS-
SOCIATION, an Arizona corporation,
fka Catalina Savings and Loan Associ-
ation, a corporation, Plaintiff/Appel-
lant,

v.

Barbara A. MASON, the spouse of Mi-
chael T. Mason, as her sole and sepa-
rate property; Michael T. Mason;
George Mason and Dorothy E. Mason,
husband and wife; Richard G. Mohr
and Marilyn M. Mohr, husband and
wife; Deanne R. Mohr Grabinski, a
married woman in her sole and sepa-
rate right, Defendants/Appellees.

No. CV-87-0455-PR.

Supreme Court of Arizona,
En Banc.

March 10, 1988.

Chandler, Tullar, Udall & Redhair by Ed-
win M. Gaines, Jr., Tucson, for defend-
ants/appellees George and Dorothy E. Ma-
son.

King & Frisch, P.C. by Ronald N. Allen,
Tucson, for defendants/appellees Mohr and
Grabinski.

Aboud & Aboud, P.C. by Michael J.
Aboud, Tucson, for plaintiff/appellant.

Dennis A. Rosen, Ltd. by Gayle D. Reay,
Tucson, for defendants/appellees Barbara
A. and Michael T. Mason.

FELDMAN, Vice Chief Justice.

In this case a lender holding a note evi-
dencing and mortgage securing a debt for
purchase of a single family residence has
attempted to waive the security of the
mortgage and sue the obligors in debt.
A.R.S. § 33-729(A) prohibits those holding
purchase money mortgages on certain
types of residential property from enforc-
ing the judgment obtained in a foreclosure
action against "any other property of the
judgment debtor." It further provides that
no "general execution [may] be issued" to
enforce such judgment, "notwithstanding
any agreement to the contrary."

On the other hand, A.R.S. § 33-722,
passed many years before § 33-729, pro-
vides that where a plaintiff brings separate
actions on the debt and to foreclose, "plain-
tiff shall elect" which action to prosecute
and the other must be dismissed. Of
course, an election to waive the mortgage
and sue on the debt is a useless act unless
the judgment obtained in such an action
may be enforced against property other
than the mortgaged premises.

The court of appeals held that, notwith-
standing A.R.S. § 33-729, a lender/mort-
gagee might waive the security of the
mortgage and bring an action to collect the
debt. *Southwest Savings & Loan Associa-
tion v. Mason*, 155 Ariz. 443, 747 P.2d 604
(Ct.App.1987). In their petition for review,
the obligors have urged that the court of
appeals incorrectly decided this important
issue of law. We granted their petition for
review. We have jurisdiction pursuant to
Ariz. Const. art. 6, § 5(3) and A.R.S.
§ 12-120.24.

Shortly after we accepted review, counsel advised the court that the parties had reached a settlement of all issues. The parties have now filed the appropriate stipulation. The parties having so stipulated, the matter will be dismissed with prejudice, each party to bear its own fees and costs. Review having been granted, we exercise our discretion to order that the opinion of the court of appeals be vacated.

GORDON, C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.