774 P.2d 804
**Patricia Dawn LUEDTKE,
Plaintiff/Appellant,**

v.

**ARIZONA FAMILY RESTAURANTS OF TUCSON, INC., dba the Ice Cream Man, an Arizona corporation; and Vernon Lee Leighton, an unmarried man, Defendants/Appellees.**

No. CV-88-0366-PR.

Supreme Court of Arizona,
En Banc.

April 18, 1989.

Alpert, Fein & Hameroff, P.C. by James A. Fein, Tucson, for plaintiff/appellant.

Jones, Skelton & Hochuli by Edward G. Hochuli, William J. Schrank, Phoenix, for defendants/appellees.

FELDMAN, Vice Chief Justice.

This case involves the tort liability of an employer of an independent contractor.

Patricia Dawn Luedtke brought suit for the wrongful death of her six-year-old son, Dwayne, who was killed after patronizing an ice cream truck owned and operated by an independent contractor. The trial court granted the employer's motion for a directed verdict on the issue of an employer's independent liability.

On appeal, Luedtke relied on *Wilson v. Good Humor Corp.*, 757 F.2d 1293 (D.C. Cir.1985). *Good Humor* held that an ice cream company could be independently liable under the "peculiar risk" exception to the general rule that exonerates employers of independent contractors from tort liability. *Id.* at 1303. Restatement (Second) of Torts § 413 (1975) articulates this doctrine:

> One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer
>
> (a) fails to provide in the contract that the contractor shall take such precautions, or
>
> (b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions.

Our court of appeals, however, distinguished *Good Humor* on its facts and affirmed the trial court. *Luedtke v. Arizona Family Restaurants of Tucson, Inc.*, 158 Ariz. 442, 444-45, 763 P.2d 262, 264-65 (Ct.App.1988). In her petition for review, Luedtke argued that *Good Humor's* application of Restatement § 413 should apply to her case. We granted her petition and have jurisdiction under Ariz. Const. art. 6, § 5(3) and A.R.S. § 12-120.24, as modified by Rule 23, Ariz.R.Civ.App.P., 17B A.R.S.

After we accepted review, counsel advised us that the parties had settled all issues. The parties have now filed the appropriate stipulation. Consequently, we dismiss the matter with prejudice, each party to bear its own fees and costs. As we have granted review, we exercise our discretion and vacate that part of the court of appeals' opinion dealing with the potential independent liability of employers of independent contractors. *Luedtke*, 158 Ariz. at 444-45, 763 P.2d at 264-65; *see Southwest Savings & Loan Association v. Mason*, 156 Ariz. 210, 751 P.2d 526 (1988) (vacating court of appeals' opinion).

GORDON, C.J., CAMERON and MOELLER, JJ., concur.

Justice WILLIAM A. HOLOHAN retired before the decision of this case; Justice ROBERT J. CORCORAN did not participate in the determination of this case.