839 P.2d 462

RESOLUTION TRUST CORPORATION, as Receiver of Southwest Savings and Loan Association, F.A., a Federal savings and loan association, Plaintiff-Appellant, Cross-Appellee,

v.

Howard SEGEL, a single man, Defendant-Appellee, Cross-Appellant.

No. 1 CA-CV 90-440.

Court of Appeals of Arizona, Division 1, Department D.

Sept. 3, 1992.

Gammage and Burnham by Ellen Harris Hoff and F. William Sheppard, Phoenix, for plaintiff-appellant, cross-appellee.

Hunter & Lehman, P.C. by Marshall A. Lehman, Phoenix, for defendant-appellee, cross-appellant.

## OPINION

GRANT, Judge.

This appeal arises out of a suit by Southwest Savings and Loan Association ("Southwest") against Howard Segel ("Segel") for the balance due under four promissory notes executed by Segel payable to Southwest. The trial court granted summary judgment in favor of Segel, holding that Southwest was precluded under *Baker v. Gardner*, 160 Ariz. 98, 770 P.2d 766 (1988), from suing directly on the notes. The issue on appeal is whether Southwest, a non-purchase money lender who made four loans secured by deeds of trust on residential property, was entitled to waive its security and sue directly on the notes. We hold that Southwest was entitled to sue directly on the notes and therefore reverse and remand to the trial court with instructions to enter judgment in favor of Southwest.

### FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. In 1987, Southwest made non-purchase money loans to Segel in the aggregate amount of $66,-320.00. The indebtedness was evidenced by four promissory notes signed by Segel and made payable to Southwest. The four promissory notes were each secured by a deed of trust on a piece of real property of less than 2½ acres on which there is a one-

or two-family residence. Each of Southwest's deeds of trust was junior to a first deed of trust held by another, unrelated lender.

Segel defaulted on the Southwest promissory notes as well as the notes secured by the first deeds of trust. The principal due on the Southwest promissory notes is $62,955.03. The first lenders scheduled trustee's sales of the residences, and both Segel and Southwest Savings received notices of the pending sales.

On September 13, 1989, Southwest sued Segel to recover the amounts due on the promissory notes. Southwest and Segel both filed motions for summary judgment, and the trial court ruled that Segel was entitled to judgment as a matter of law. The trial court also denied Southwest's motion for reconsideration. Southwest appealed. Segel cross-appealed from the trial court's denial of his request for attorney's fees. Because we reverse the trial court's judgment in favor of Segel, we need not reach the issue raised in Segel's cross-appeal. We have jurisdiction pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 12-2101.B.

### DISCUSSION

■ Southwest argues that the trial court erred in ruling that, even though it was a non-purchase money lender, it could not waive its security and sue Segel directly on the promissory notes. Pursuant to A.R.S. section 33–722, the holder of a note secured by a mortgage or deed of trust may waive its security interest in the property and sue directly on the note. *See Universal Inv. Co. v. Sahara Motor Inn, Inc.*, 127 Ariz. 213, 619 P.2d 485 (App.1980) (trustee may elect to treat deed of trust as mortgage and then may elect remedy pursuant to A.R.S. section 33–722). However, in *Baker v. Gardner,* the Arizona Supreme Court held that the mortgage and deed of trust anti-deficiency statutes, which were enacted after A.R.S. section 33–722, limit a creditor's right to waive its security. The court ruled in *Baker* that a lender may not waive its security and sue directly on the note when Arizona's anti-deficiency statutes preclude a deficiency judgment. 160 Ariz. at 104, 770 P.2d at 772.

The lender in *Baker* had made a purchase money loan secured by a deed of trust on residential property. 160 Ariz. at 99, 770 P.2d at 767. The lender sought to waive its security and sue directly on the note. The court held that the lender was prohibited from doing so under A.R.S. section 33–814(E) (now, A.R.S. section 33–814(G)), the deed of trust anti-deficiency statute. That statute provides as follows:

E. If trust property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling is sold pursuant to a trustee's power of sale, no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses.[1]

160 Ariz. at 100, 770 P.2d at 768.

The court in *Baker* concluded that, where the anti-deficiency statute applies, the creditor may not waive the security and sue directly on the note, because such action would conflict with the legislature's objective of protecting certain homeowners from the financial disaster of losing their homes plus all their other nonexempt property for a deficiency judgment. 160 Ariz. at 104, 770 P.2d at 772. Therefore, the lender in *Baker* was not permitted to waive its security and sue on the note.

Although the particular deed of trust at issue in *Baker* secured a purchase money loan, the court did not originally clarify whether its holding also applied to deeds of trust securing non-purchase loans. However, three months later the court issued a supplemental opinion specifically to address the question of whether *Baker* may be read to prohibit all creditors, including those who have made non-purchase money loans secured by deeds of trust, from waiving the security and electing to sue on the

---

1. A.R.S. section 33–814(E) was redesignated A.R.S. section 33–814(G) in 1988, but the substance of the statute was not changed.

note under A.R.S. section 33–722. 160 Ariz. at 106–107, 770 P.2d at 773–775.

In the supplemental opinion, the court explained that the essence of the *Baker* opinion was that the election of remedies permitted under A.R.S. section 33–722 did not apply to security covered by the later enacted anti-deficiency statutes. 160 Ariz. at 106, 770 P.2d at 774. While the mortgage anti-deficiency statute, A.R.S. section 33–729(A),[2] applies only to purchase money mortgages, the deed of trust anti-deficiency statute is not so limited. *Id.* The court stated that this apparent conflict is not significant, however, because a beneficiary under a deed of trust may foreclose the deed of trust judicially as a mortgage. *Id.* If the beneficiary does so, the mortgage statutes, including the mortgage anti-deficiency statute, are applicable. *Id.* Therefore, the beneficiary under a non-purchase money deed of trust who chooses to proceed by judicial foreclosure under A.R.S. section 33–814(D) (now A.R.S. section 33–814(E)) may obtain a deficiency judgment against the borrower. 160 Ariz. at 107, 770 P.2d at 735. The court concluded that, because such a creditor could obtain a deficiency judgment if it chose to foreclose judicially, it could also elect to waive the security under A.R.S. section 33–722 and sue directly on the note. *Id.*

Segel argues that Southwest, in relying on the supplemental opinion in *Baker*, has ignored the original opinion. However, as Segel notes in his brief, the supplemental opinion did not reverse the original holding, but merely explained its scope. The supplemental opinion in *Baker* deals with the issue of whether *Baker* applies to deeds of trusts securing non-purchase money obligations, while the lender in *Baker* was a purchase money lender. The opinion was obviously intended to be a guide for future conduct. Therefore, this court must follow the direction given by the supreme court. *See State v. Fahringer*, 136 Ariz. 414, 415, 666 P.2d 514, 515 (App.1983) (statements which might otherwise be considered dicta are authoritative where court expressly declares them to be guide for future conduct).

Segel also argues that a beneficiary under a deed of trust securing a non-purchase money loan is prohibited from suing on the note under A.R.S. section 33–814(G), the deed of trust anti-deficiency statute, because that statute does not differentiate between purchase money and non-purchase money liabilities. Segel notes that A.R.S. section 33–729, the mortgage anti-deficiency statute, which is only applicable to purchase money obligations, was enacted in the same year as A.R.S. section 33–814, and claims that, if the legislature had wanted the two statutes to have the same effect, it would have used the same language. However, Segel ignores the fact that the supreme court in *Baker* held that, when a deed of trust beneficiary either chooses to foreclose judicially *or* to sue directly on the note, it is the *mortgage* anti-deficiency statute that applies. *See Baker*, 160 Ariz. at 106, 770 P.2d at 774. Segel's argument that, by permitting a lender such as Southwest to waive its security, sue directly on the note and treat the deed of trust as a mortgage, courts would effectively eliminate the deed of trust anti-deficiency statute, is also clearly incorrect. A.R.S. section 33–814(G) would, as it expressly states, still serve to prohibit deficiency judgments after a lender exercises its right of non-judicial foreclosure whether a purchase money or a non-purchase money obligation is involved.

Because Southwest did not institute trustee's sale proceedings and the mortgage anti-deficiency statute would not have

---

**2.** A.R.S. section 33–729(A) provides as follows:

A. ... [I]f a mortgage is given to *secure the payment of the balance of the purchase price, or to secure a loan to pay all or part of the purchase price,* of a parcel of real property of two and one-half acres or less which is limited to and utilized for either a single one-family or single two-family dwelling, the lien of judgment in an action to foreclose such mortgage shall not extend to any other property of the judgment debtor, nor may general execution be issued against the judgment debtor to enforce such judgment, and if the proceeds of the mortgaged real property sold under special execution are insufficient to satisfy the judgment, the judgment may not otherwise be satisfied out of other property of the judgment debtor, notwithstanding any agreement to the contrary. (emphasis added).

prevented Southwest from obtaining a deficiency judgment against Segel, Southwest was entitled to waive its security and sue directly on the notes under A.R.S. section 33–722.

■ Although the trial court apparently did not reach this issue in granting summary judgment in favor of Segel, Segel had also argued before the trial court that Southwest was prohibited from suing directly on the notes because non-judicial foreclosure proceedings had been instituted by the trustees under the first deeds of trust encumbering the properties. In other words, Segel argued below that, because the senior lenders had noticed trustee's sales, and Southwest had notice of the proceedings and an opportunity to join the proceedings, Southwest should be prohibited under A.R.S. section 33–814(G) from bringing an action on the notes. Segel relied on this court's opinion in *Mid Kansas Fed. Sav. & Loan Ass'n. v. Dynamic Dev. Corp.*, 163 Ariz. 233, 787 P.2d 132 (App.1989), vacated, 167 Ariz. 122, 804 P.2d 1310 (1991) in making this argument. In the *Mid Kansas* case, a lender held first and second deeds of trust on several properties being developed for residential purposes. The borrower defaulted on the notes, and the lender exercised its right of non-judicial foreclosure with respect to the second-position deed of trusts. 167 Ariz. at 125, 804 P.2d at 1313. The lender purchased the properties at the trustee's sales with a credit bid of the balance owed on the second notes. *Id.* The lender then sought to waive the security of the first liens and sue for the balance due on the first notes.

The Court of Appeals' opinion in *Mid Kansas* held that, because the lender had chosen the advantages of a non-judicial foreclosure of the second-position deed of trust, under the deed of trust anti-deficiency statute, it was then barred from suing on the first-position notes. 163 Ariz. at 236, 787 P.2d at 135. The Arizona Supreme Court, however, vacated the Court of Appeals's decision, holding that the anti-

deficiency statute did not apply because residential properties held by a mortgagor for construction and eventual resale as dwellings did not fit within the definition of properties "limited to" and "utilized for" single-family dwellings, as required in the deed of trust anti-deficiency statute. *Mid Kansas*, 167 Ariz. at 129, 804 P.2d at 1317. Because the supreme court concluded that the borrower was not protected by the anti-deficiency statute, it stated that it did not need to reach the issue of whether the lender's actions on the first position notes were an action for a deficiency under *Baker*, or an action for an independent obligation which would be permitted under *Southwest Savings & Loan Ass'n v. Ludi*, 122 Ariz. 226, 594 P.2d 92 (1979). *Mid Kansas*, 167 Ariz. at 129, n. 6, 804 P.2d at 1317, n. 6.[3] Therefore, the court in *Mid Kansas* implied that, had the anti-deficiency statute applied in that case, then, under *Ludi*, the lender would have been entitled to sue on the first note, even though it had foreclosed non-judicially on the second note, if the first note could be considered a "wholly separate obligation." *Id.*

In *Ludi*, the Arizona Supreme Court considered whether a lender's waiver of the security and suit on a note secured by a second mortgage would constitute an action for a deficiency prohibited under A.R.S. section 33–729(A), the mortgage anti-deficiency statute, where the same lender had brought a successful mortgage foreclosure action with respect to the first mortgage on the same property. In *Ludi*, the loan secured by the first mortgage was a purchase money loan, while the loan secured by the second mortgage was not. 122 Ariz. at 228, 594 P.2d at 94. The borrower in *Ludi* argued that the lender was prohibited from suing directly on the second note either because the lender had elected its remedy by bringing the first action to foreclose the mortgage, or because the second action on the note was an action in the nature of a deficiency judgment prohibited by A.R.S. section 33–729. The supreme court rejected both argu-

---

**3.** The court in *Mid Kansas* concluded, however, that after the lender acquired title to the property at the trustee's sales on the second trust deeds, the doctrine of merger extinguished the borrower's liability on the senior notes. 167 Ariz. at 132, 804 P.2d at 1320.

ments, holding that the lender had a separate cause of action against the borrower for both notes and, even though it had foreclosed on the first mortgage, it could still sue at law on the second note without violating the anti-deficiency statute because the action on the second note was not a deficiency judgment but a "wholly independent action" on the second note alone. *Id.*

Because the supreme court in *Ludi* stated that the lender could have sued on *both* notes, including the first purchase money note, it is apparently inconsistent with *Baker*. However, it does not appear that the *Baker* court intended to overrule *Ludi*. In fact, the supreme court stated in *Mid Kansas* that *Baker* did not conflict with *Ludi* but was distinguishable because the junior obligation at issue in *Baker* was a *purchase money* obligation and because the lender in *Ludi* had used a judicial proceeding to foreclose its first deed of trust before bringing an action on the second, non-purchase money obligation. *Mid Kansas*, 167 Ariz. at 129, n. 6, 804 P.2d at 1317, n. 6.

In the instant case, because the lenders under the first and second deeds of trusts were entirely different entities, Southwest's actions on the second notes would constitute "wholly separate actions" unaffected by the first lender's proceedings even more clearly than the lender's action on the second note in *Ludi*. Southwest's right to elect remedies under A.R.S. section 33–722 was not affected by the actions of another lender who was unrelated to Southwest, and the trustee's sales noticed by the senior lender did not constitute a choice by Southwest to exercise its non-judicial foreclosure rights. Other jurisdictions considering this issue have also concluded that a second-position lender is not bound by the

first lender's foreclosure choice and may choose to waive its security. *See Roseleaf Corp. v. Chierighino*, 59 Cal.2d 35, 27 Cal. Rptr. 873, 378 P.2d 97 (1963) (holder of notes not barred by anti-deficiency statute from suing on notes after sale of land under powers of sale contained in first trust deeds held by unrelated lenders).

Indeed, the Arizona Supreme Court in *Baker* also impliedly recognized that a second lender's right to choose remedies should be viewed separately from the first lender's choice. In *Baker*, the first lender had noticed a trustee's sale and it was the second lender who was trying to sue directly on the note, yet the court analyzed the second lender's right to a remedy separately from the action of the first. Therefore, Southwest's right to sue directly on its notes is unaffected by the fact that the beneficiaries under the first deeds of trust encumbering the properties have exercised their right to non-judicial foreclosure.[4]

Because the trial court erred in ruling that Southwest was prevented under *Baker* from bringing an action directly on the notes, and because Segel failed to dispute his breach or any of the other elements necessary for Southwest's recovery, and there being no genuine issue of material fact, we remand this cause to the trial court for entry of summary judgment in favor of Southwest.

Southwest has requested its reasonable attorney's fees incurred in the trial court and on appeal pursuant to A.R.S. section 12–341.01 and paragraph 7(E) of the promissory notes. Southwest has become the successful party through this appeal, and pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure, we grant Southwest's request for reasonable attorney's fees in

---

**4.** Segel stated in his brief that, although the issue of whether the choice of non-judicial foreclosure by the lenders in the first position constitutes a choice by the lenders in junior positions was raised before the trial court, it was not fully briefed. Segel claims, therefore, that if this court reverses on the issue of Southwest's right to sue directly on the notes under *Baker*, we should remand to the trial court for full briefing on the issue of the effect of the first lenders' non-judicial foreclosure. However, this issue was raised before the trial court, was argued by Southwest in it opening brief, and Segel chose not to respond to Southwest's arguments in its answering brief. Because the issue is purely one of law, it is appropriate for this court to rule on the issue in this appeal.

the superior court in an amount to be fixed by this court. *See Winter v. Coor,* 144 Ariz. 56, 695 P.2d 1094 (1985) (supreme court awards attorney's fees for trial court proceedings where unsuccessful party in trial court prevailed on appeal). We also award Southwest attorney's fees on appeal in an amount to be fixed by this court upon Southwest's compliance with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

Reversed and remanded.

TAYLOR, P.J., and TOCI, J., concur.